**LeMARS MUTUAL INSURANCE COMPANY, Appellee,**

v.

**FARM & CITY INSURANCE COMPANY, Appellant.**

No. 91–1409.

Supreme Court of Iowa.

Dec. 23, 1992.

David L. Leitner, Des Moines, for appellant.

Timothy A. Clausen of Klass, Hanks, Stoos, Stoik & Villone, Sioux City, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

SNELL, Justice.

Appellant, Farm & City Insurance Company, challenges an adverse trial court ruling on summary judgment. In a declaratory judgment action the trial court ordered Farm & City to pay the appellee, LeMars Mutual Insurance Company, the policy limits of an insurance policy following a settlement LeMars Mutual entered with an individual injured as the result of the negligence of Farm & City's insured. The trial court found that LeMars Mutual provided "umbrella" coverage which was "true excess coverage" over all applicable primary insurance policies, and therefore required Farm & City, as a primary insurer, to contribute its policy limit to the settlement. We affirm.

On May 12, 1986, Thomas Jaminet was involved in a serious car accident while driving a car owned by his father Robert. The accident was a result of Thomas' negligence and a third person was seriously injured. At the time of the accident, Thomas Jaminet was covered by an insurance policy which provided a liability limit of $20,000. This policy was issued by Farm & City Insurance Company. Robert Jaminet, as owner of the car, was covered by two insurance policies. Robert had a primary insurance policy issued by Allied Insurance Group with a liability limit of $300,000, and an "umbrella" policy issued by LeMars Mutual Insurance Company which would cover Robert for an additional $1,000,000 of liability after Robert's retained limit of $300,000 had been exhausted. Thomas, as the driver of Robert's car with his consent, is an additional insured under Allied's policy. Under the LeMars Mutual umbrella policy an insured is "any person ... insured for Primary Insurance."

Allied and LeMars Mutual settled with the injured individual for $450,000, and thereby retained a release of all claims against both Thomas and Robert Jaminet. Allied paid its full limit of $300,000 and LeMars Mutual paid the remaining $150,000. Farm & City did not pay any amount

toward the settlement. LeMars Mutual sought contribution from Farm & City, filing a declaratory judgment action alleging that Farm & City, as a primary insurance policy provider, must exhaust its limit of liability toward the settlement before the LeMars Mutual umbrella policy is implicated. Farm & City argued that, based on the policy language, it is either excess insurance to the umbrella policy or in the alternative, is merely required to contribute pro-rata with LeMars Mutual. Both insurers moved for summary judgment. The trial court ruled in favor of LeMars Mutual, finding its policy is a true excess policy, and that Farm & City's policy is a primary policy which must be paid before the umbrella policy contributes.

■ Our scope of review in actions at law is for correction of errors at law. Iowa R.App.P. 4; *Midwest Recovery Servs. v. Wolfe*, 463 N.W.2d 73, 74 (Iowa 1990). Determining the priority of multiple insurance policies coverage requires the appropriate construction of the policies involved. Construction, as distinguished from interpretation, is the legal effect of a contract and is a matter of law to be decided by the court. *Kalell v. Mutual Fire & Auto. Ins. Co.*, 471 N.W.2d 865, 866–67 (Iowa 1991); *Westhoff v. American Interinsurance Exch.*, 250 N.W.2d 404, 408 (Iowa 1977).

■ The Farm & City "Personal Auto Policy" provides liability coverage for damages the insured is legally obligated to pay arising out of operation of a motor vehicle. With respect to other insurance that may also apply to losses covered under the Farm & City policy, the policy provides:

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

The LeMars Mutual "Personal Excess and Catastrophe Liability Policy" provides catastrophe or "umbrella" coverage to an insured who wishes extraordinary liability

limits beyond those available in a traditional primary policy. Among the conditions of coverage, the policy states:

> Other Insurance. This insurance is in excess of any other valid and collectible insurance except insurance that specifies it is in excess of our Limit of Liability.

Farm & City argues that under a plain reading of the "other insurance" clauses in both policies, Farm & City should be required to contribute only after LeMars Mutual policy limits have been exhausted. We agree that the intention of the Farm & City policy is to provide primary auto liability coverage to the insured, but provide only excess coverage when the insured is driving a vehicle not owned by the insured. In this case, Thomas was driving a car he did not own; the Farm & City policy provides excess coverage. Our analysis, however, cannot end here.

■ An insurance policy is construed as a whole, not by its separate provisions. *Aid Ins. Co. v. United Fire & Casualty Co.*, 445 N.W.2d 767, 770 (Iowa 1989); *Cairns v. Grinnell Mut. Reinsurance Co.*, 398 N.W.2d 821, 825 (Iowa 1987). In construing an insurance policy, the court is permitted to consider the surrounding circumstances, the situation of the parties, and the objects the parties were striving to attain. *C & J Fertilizer, Inc. v. Allied Mut. Ins. Co.*, 227 N.W.2d 169, 172 (Iowa 1975); *City of Spencer v. Hawkeye Sec. Ins. Co.*, 216 N.W.2d 406, 408 (Iowa 1974). The type of policy obtained and scope of each policy's coverage are evidence of the "objects the parties were striving to attain" which we can consider to determine the priority of these policies. *See Allstate Ins. Co. v. Frank V. Hall & Co.*, 770 P.2d 1342, 1346 (Colo.App.1989) ("In allocating the priority of the coverage of two separate policies, or in determining which of two policies is primary, a court may consider the 'total policy insuring intent.'"). To determine the priority among applicable insurance policies, we construe these policies as a whole in light of the pattern of coverage intended to result from multiple policies.

■ We are dealing with two different kinds of policies. The Farm & City policy is marketed and sold as a primary insurance policy for its purchasers. Primary insurance is "a policy purchased to be the first tier of insurance coverage, one which is intended to kick in the moment liability is established, but which may be excess in certain, specified situations." Annotation, *Automobile insurance: umbrella or catastrophe policy automobile liability coverage as affected by primary policy "other insurance" clause*, 67 A.L.R.4th § 1, at 16 (1989) [hereinafter *Umbrella Policy—Other Insurance*]. The primary nature of the Farm & City policy is clear from its language. It states: "INSURING AGREEMENT. We will pay damages for bodily injury or property damages for which any covered person becomes legally responsible because of an accident." The insurance company's intent that the Farm & City policy serve principally as the first tier of insurance is also reflected in the ratio of premiums charged to limits provided. Thomas Jaminet paid a quarterly premium of $158 for a liability limit of $20,000. It is only when the insured is driving a nonowned vehicle that the Farm & City coverage is not primary.

The LeMars Mutual policy, on the other hand, is excess in nearly all cases. The LeMars Mutual insurance policy is an "umbrella" policy which the parties intended to cover only catastrophic losses which exceed the insured's required primary insurance limit. An umbrella policy is defined as "a policy purchased to be the final tier of insurance coverage, one which is intended to be excess over all other available insurance." *Umbrella Policy—Other Insurance*, 67 A.L.R.4th § 4, at 16.

■ Appleman defines umbrella coverage and its advantages as follows:

> [Umbrella or catastrophe policies] are policies of insurance sold at comparatively modest cost to pick up where primary coverages end, in order to provide an extended protection.... It gives financial security, as well as peace of mind, to the individual purchasing such coverage who is hopeful that he will never be involved in any substantial claim or lawsuit, but, if he is, is desirous of not losing

the security it may have taken a lifetime to acquire.

8A Appleman *Insurance Law and Practice* § 4909.85, at 452 (1981). The "umbrella" nature of the LeMars Mutual policy is clear from the policy title, "Personal Excess and Catastrophe Liability Policy," its terms which provide that liability coverage will be in excess in nearly all cases, and the premium paid. Robert Jaminet paid a yearly premium of only $120 for excess coverage of $1,000,000 over his primary coverage.

 Appleman stated the majority rule on this issue: "[U]mbrella coverages, almost without dispute, are regarded as true excess over and above any type of primary coverage, excess provisions arising in regular policies in any manner, or escape clauses." *Id.* at 455. We believe that resolution of the question of priority in payment must come, as the majority rule indicates, from a common sense look at the basic function each policy was intended to serve. Competing "other insurance clauses" in the Farm & City and LeMars Mutual policies, which normally would invoke contract construction rules, must yield to a finding of the insurance policies' main functions.

We are further persuaded to find the umbrella policy the true excess insurer in this case by the great weight of authority so holding in other jurisdictions which have considered the question. *See, e.g., Allstate,* 770 P.2d at 1342; *Illinois Emcasco Ins. Co. v. Continental Casualty Co.,* 139 Ill.App.3d 130, 93 Ill.Dec. 666, 487 N.E.2d 110 (1985); *State Farm Fire & Casualty Co. v. Li Mauro,* 65 N.Y.2d 369, 492 N.Y.S.2d 534, 482 N.E.2d 13 (1985); *Safeco Ins. Co. v. Insurance Co. of North America,* 522 S.W.2d 867 (Tenn.1975); *see also Umbrella Policy—Other Insurance,* 67 A.L.R.4th § 4, at 14.

 The insuring intent of the LeMars Mutual umbrella insurance policy is to provide excess insurance in cases such as this. A primary insurance provider cannot hide behind an excess insurance clause in its "other insurance" provision to require an umbrella insurer to cover liability for its insured. We hold that Farm & City's pri-

mary insurance policy must be exhausted before the umbrella policy of LeMars Mutual may be reached for payment of the settlement damages. The trial court's ruling on summary judgment is affirmed.

AFFIRMED.