**VIGILANT INSURANCE COMPANY,**
Appellee,

v.

**ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant.**

No. 98–1636.

Supreme Court of Iowa.

April 26, 2000.

Christopher P. Jannes of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellant.

Douglas A. Haag of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, L.L.P., Des Moines, for appellee.

LARSON, Justice.

Brian J. McGrath was involved in a collision in Clarke County when his vehicle crossed the median on Interstate 35 and struck an oncoming car driven by Melinda Walker. Both McGrath and Walker were killed. Walker's estate sued McGrath's estate in a wrongful death action in federal district court. That case is not involved in this appeal. This case involves two liability insurers, Vigilant Insurance Company and Allied Property and Casualty Insurance Company, who are now arguing about whose policy provides excess coverage with respect to each other. The district court ruled that Vigilant was responsible only after the limits of the Allied policy were exhausted, and we agree.

## I. Facts and Prior Proceedings.

The car driven by Brian was owned by his father, Joseph McGrath. The car itself was insured by Economy Preferred Insurance Company, with liability limits of $250,000 per person and $500,000 per accident. (Economy, it is agreed, is a primary carrier, and it is not involved in this appeal.) Brian, the driver, was also covered by Allied's "personal auto policy" issued to his mother, Stephanie Gustafson, and her husband. This Allied policy had a limit of $500,000 per accident. The third policy involved is one written by Vigilant, an excess liability or "umbrella" policy with $1,000,000 in coverage.

Vigilant's declaratory judgment action claimed that Vigilant's umbrella policy was to be applied only after the Economy and Allied policies were exhausted. Allied disagrees, claiming the Vigilant umbrella coverage is excess only as to the Economy policy and that Allied's coverage applies only after both the Economy and Vigilant policies are exhausted.

## II. Principles of Review.

█ We review a district court's grant of summary judgment for errors at law. *Tenney v. Atlantic Assocs.*, 594 N.W.2d 11, 14 (Iowa 1999). Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* This is such a case.

## III. The Policy Language.

Allied's policy issued to Brian's mother and her husband provides:

> We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident.

Brian was an insured under this policy. Excess coverage was provided in this language in Allied's policy:

> If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

Vigilant's umbrella policy, issued to the car's owner, Joseph McGrath, provides excess liability coverage in this language:

> We will pay only for covered damages in excess of all underlying insurance covering those damages, even if the underlying coverage is for more than the minimum amount.

> "Underlying insurance" includes all liability coverage other than this part of your policy that applies to the covered damages, except for other insurance purchased in excess of this policy.

If other insurance is available, the Vigilant policy imposes the following condition:

> **Vehicles:** When other liability insurance applies to covered damages, we will pay our share. Our share is the proportion that our amount of coverage bears to the total of all applicable amounts of coverage. However, for non-owned motorized land vehicles, this insurance is excess over any other insurance, except that written specifically to cover excess

over the amount of coverage in this policy.

**Personal and Excess:** This insurance is excess over any other insurance except that written specifically to cover excess over the amount of coverage that applies in this policy.

In a similar case we held that coverage under an umbrella policy similar to Vigilant's was excess as to all primary liability insurance applicable to the event, despite "other insurance" language in a primary policy, identical to Allied's policy in this case. We held that coverage under the umbrella policy would be excess as to any other collectable insurance on a non-owned vehicle. *LeMars Mut. Ins. Co. v. Farm & City Ins. Co.*, 494 N.W.2d 216, 218–19 (Iowa 1992). In *LeMars*, Thomas Jaminet caused an accident while driving a car owned by his father, Robert. The driver was covered by his own insurance policy, issued by Farm & City Insurance Company, with a liability limit of $20,000. The car's owner, Robert, had two policies: a primary insurance policy issued by Allied Insurance Group with a limit of $300,000 and an umbrella policy issued by LeMars Mutual Insurance Company with coverage of up to $1,000,000. Because the driver was a consent driver, he was an insured under both his father's Allied policy and the father's umbrella policy written by LeMars. *Id.* at 217.

Allied and LeMars settled with the injured claimant for $450,000. Of this amount Allied paid its limits of $300,000 and LeMars paid $150,000 under its umbrella policy. Farm & City, the driver's own insurer, paid nothing toward the settlement. LeMars sued Farm & City, claiming the latter was a primary insurer and that LeMars' umbrella policy was not implicated until Farm & City's limits of $20,000 were exhausted. Farm & City's defense was based on its policy provision regarding other insurance:

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

*Id.* Farm & City's insured was driving a nonowned car at the time of the accident, so it argued that, under the plain wording of the above provision, its policy provided only excess coverage. *Id.* at 218. We disagreed and held the Farm & City policy was intended to be a primary insurance policy, which is defined as

"a policy purchased to be the first tier of insurance coverage, one which is intended to kick in the moment liability is established, but which may be excess in certain, specified situations."

*Id.* (quoting Michael P. Sullivan, Annotation, *Automobile Insurance: Umbrella or Catastrophe Policy Automobile Liability Coverage as Affected By Primary Policy "Other Insurance" Clause*, 67 A.L.R.4th 14, 16 (1989) [hereinafter Annotation] ). In contrast to the primary insurance provided by Farm & City, the umbrella policy provided by LeMars was intended to be excess in nearly all cases, under this provision:

"Other Insurance. This insurance is in excess of any other valid and collectible insurance except insurance that specifies it is in excess of our Limit of Liability."

*LeMars Mut. Ins. Co.*, 494 N.W.2d at 218.

Despite Farm & City's policy provision appearing to make it excess as to all other policies, we held it had to be read in context with the whole policy. *Id.* When their policies were read as a whole, it was clear Farm & City's coverage was intended to be primary, while that of the LeMars policy was to be umbrella coverage, excess as to all other insurance. We said a primary carrier "cannot hide behind an excess insurance clause in its 'other insurance' provision to require an umbrella insurer to cover liability for its insured." *Id.* at 219. In *LeMars* we looked to the underlying purposes of the policies and

concluded the umbrella policy was not intended to supplant the primary coverage of the Farm & City policy. *Id.*

Vigilant relies on *LeMars*, claiming its umbrella policy is excess as to all other policies, including Allied's. Allied responds that the "other insurance" provision of Vigilant's umbrella policy is inapplicable because of this sentence in the Vigilant policy:

> This part of your [umbrella] Policy provides *you* with liability coverage in excess of *your* underlying insurance anywhere in the world unless stated otherwise or an exclusion applies.

(Emphasis added.)

Allied claims the "you" and "your" in this provision refer to Joseph McGrath because he was the named insured under the Vigilant policy. According to Allied's argument, because Joseph was not an insured under Allied's policy, that policy was not "your" insurance within the meaning of Vigilant's other insurance provision. Therefore, according to it, Vigilant's policy was not excess as to Allied.

When the "you" and "your" language of Vigilant's policy is read in isolation, as Allied urges, it gives some support to its argument that Vigilant's excess insurance clause is not applicable to Allied. However, this argument must be rejected in light of the language of the policy when it is read as a whole. Specifically, the umbrella coverage in Vigilant's policy provides it is "in excess of all underlying insurance covering those damages." It then provides a definition of "underlying coverage," quoted above, that clearly includes the Allied policy. Also, as in *LeMars*, we look to the intent of the parties to an umbrella policy: a policy purchased as the final tier of coverage, one "intended to be excess over all other available insurance." *Id.* at 218 (quoting Annotation, 67 A.L.R.4th at 16).

We believe the policy language in question, which provides coverage in excess of "your underlying insurance," should be interpreted to mean the policy is excess as to any insurance that applies to a covered event that will serve to reduce the amount of the umbrella insurer's exposure. Allied's policy, which is primary, would qualify as underlying insurance under that definition because it would reduce any damages Vigilant might be called on to pay, up to Allied's liability limit of $500,000. We conclude Allied's policy is "underlying insurance" for purposes of applying Vigilant's umbrella coverage and therefore affirm the summary judgment for Vigilant.

**AFFIRMED.**

All justices concur except LAVORATO, J., who takes no part.