■ In the Matter of the Arbitration between IMG PUBLISHING, Respondent, and JOSEPH VIESTI, Appellant.—Judgment of the Supreme Court, New York County (Kenneth L. Shorter, J.), entered February 13, 1990, which granted petitioner's application to stay arbitration sought by respondent, pursuant to a Demand for Arbitration, unanimously affirmed, with costs.

Petitioner was neither a party to nor signatory of the contracts between Miller Press, Inc. and its employee, respondent Joseph Viesti. Therefore, absent an agreement to arbitrate between petitioner and respondent, petitioner's application to stay arbitration was properly granted, without regard to the statutory twenty-day period of CPLR 7503 (c). *(Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264, 267-268.) A person may not be bound to arbitrate by mere inaction for twenty days where no agreement to arbitrate has ever been made. *(Supra,* at 267.) Furthermore, the fact that petitioner's counsel, on behalf of Miller, selected arbitrators or hearing dates, does not evince an intention by petitioner to arbitrate the dispute. *(Matter of Lory Fabrics [Dress Rehearsal],* 78 AD2d 262.) Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.

■ CHEMICAL BANK, Appellant, v COGAN MANAGEMENT, INC., et al., Respondents.—Orders, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.) entered April 25, 1989 and January 2, 1990, which, *inter alia,* denied plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint, unanimously affirmed, without costs.

In opposition to plaintiff's CPLR 3213 motion, the individual defendant asserted that his corporation's 1984 $1,275,000 promissory note was merely an accommodation, to be discharged upon plaintiff's receipt of substitute notes from the actual recipients of the loan proceeds, investors who used the corporate defendant's financial management services. Plaintiff did in fact receive and accept the substitute notes aggregating $956,250 from some of these investors; four others, however, made no payments, leaving a balance of $318,750. In the circumstances presented these assertions were sufficient to raise factual issues as to the defense of payment. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.

■ JAMES P. CORCORAN, as Superintendent of Insurance of