■ In the Matter of CRUM & FORSTER COMMERCIAL INSURANCE, Appellant, v MICHAEL YAKAR, Respondent. [618 NYS2d 395] —In a proceeding pursuant to CPLR article 75 to vacate an

arbitrator's award, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Kutner, J.), dated January 14, 1993, which, *inter alia,* denied the petitioner's motion to vacate the arbitrator's award.

Ordered that the order and judgment is affirmed, without costs or disbursements.

Where, as here, the party who is seeking arbitration is neither a party to nor a signatory of the contract of insurance, and thus not a party to an arbitration agreement, an application to stay arbitration may properly be made any time before the arbitration has commenced, without regard to the 20-day period contained in CPLR 7503 (c) *(see, Matter of IMG Publ. [Viesti],* 170 AD2d 268). Once the arbitration commences and the party to be charged participates therein, that party may only seek to vacate the arbitration award on the grounds set forth in CPLR 7511 (b) (1), which do not include the nonexistence of an agreement to arbitrate, the ground which has been asserted by the insurer in this case. Thus the Supreme Court properly denied the insurer's motion to vacate the arbitration award. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.