■ **ALEX COLMAN INC.**, Respondent, v **SILVERMAN PRODUCTS & TEXTILES, INC.**, Appellant. [622 NYS2d 729] —Order, Supreme Court, New York County (Martin Evans, J.), entered on or about June 21, 1994, which granted the motion pursuant to CPLR 7503 (b) by the petitioner for a stay of the arbitration instituted by the appellant against the petitioner before the American Arbitration Association, unanimously affirmed, without costs.

The IAS Court, in staying the parties' arbitration, properly determined that the arbitration clause in the sales confirmation forms issued by the appellant in response to the purchase orders issued by the petitioner, which did not contain such an arbitration clause, constituted a material alteration of the petitioner's purchase order, which was neither part of the parties' contract nor binding upon the petitioner, in accordance with UCC 2-207 (2) (b). The Court of Appeals has recognized that parties to a commercial transaction will not be held to have chosen arbitration as the forum for the resolution of their disputes in the absence, as here, of an express, unequivocal agreement to that effect (Matter of Marlene Indus. Corp. [Carnac Textiles], 45 NY2d 327).

Nor is the petitioner's application to stay the arbitration time-barred since the Court of Appeals has held that the 20 day time limitation does not apply where, as here, the proceeding to stay the arbitration is predicated solely upon the ground that no arbitration agreement between the parties exists (Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264; see also, Matter of IMG Publ. [Viesti], 170 AD2d 268). Concur—Wallach, J. P., Rubin, Ross, Asch and Mazzarelli, JJ.