OPINION OF THE COURT
Jane S. Solomon, J.
In this CPLR article 75 proceeding, petitioners seek to stay permanently respondents’ claims for punitive damages on the grounds that they are barred under New York law and that their submission to an arbitration panel would violate their constitutional right to due process. Respondents oppose the petition. For the reasons set forth below, the petition is granted.
Respondents Eric G. and Maureen M. Trimble are Florida residents and former customers of the Orlando, Florida, office of Dean Witter Reynolds, Inc. (Dean Witter). Dean Witter, a Delaware corporation with its principal place of business in New York, is a securities broker-dealer registered with the American Stock Exchange (AMEX). The individual petitioner is an employee of Dean Witter’s Orlando office.
The Trimbles commenced an arbitration proceeding against petitioners before the American Arbitration Association (AAA) in Orlando, Florida. They seek compensatory relief, and an unspecified amount of punitive damages, in connection with their claim that petitioners caused them to invest in limited partnerships which they now assert were unsuitable for them.
Respondents chose to arbitrate pursuant to a provision in the AMEX Constitution known as the "AMEX Window.” (AMEX Const, art VIII, § 2 [c].) No written arbitration agreement exists between the parties. However, because Dean Witter is a broker-dealer registered with AMEX as mandated by 15 USC § 780 (b) (8), it is required to participate. Inasmuch as the AMEX Window provision provides for arbitration before the AAA in "New York City,” by an interim decision and judgment dated August 29, 1994, I granted the petitions to the extent of transferring the proceedings from Orlando, Florida, where they were initiated, to New York City, and I reserved decision on petitioners’ remaining request that respondents’ punitive damage claims be stricken.
New York does not permit arbitrators to award punitive damages. (Garrity v Lyle Stuart, Inc., 40 NY2d 354 [1976].) *42 Petitioners assert that the Garrity rule applies here, despite the absence of a New York choice of law clause and notwithstanding the application of the Federal Arbitration Act (FAA),[1] because the arbitration is to take place in New York. (Matter of Dreyfus Serv. Corp. [Kent], 183 AD2d 446, 446-447 [1st Dept], lv denied 81 NY2d 701 [1992].)
Petitioners also argue that submission of punitive damage claims to an arbitration panel would violate their right to due process, citing Honda Motor Co. v Oberg, 512 US —, 114 S Ct 2331 [1994]) and Pacific Mut. Life Ins. Co. v Haslip (499 US 1 [1991] [both holding that punitive damages awards are subject to full due process protection]). In particular, they contend that the procedural safeguards identified by the Supreme Court in Haslip (supra) and Oberg (supra) — including meaningful and adequate judicial review of punitive damage awards — are absent from the arbitral process.
Respondents counter that New York law, and Garrity (supra), do not control here. They first contend that choice of law questions are for the arbitrators and not the courts. (Smith Barney Harris Upham & Co. v Luckie, 198 AD2d 87 [1st Dept 1993], revd on other grounds 85 NY2d 193 [1995].) They assert that Florida law governs this dispute because they are Florida residents who dealt with Dean Witter’s Florida office, and the transactions complained of occurred in Florida; and they argue that the issue of punitive damages is not ripe for adjudication.
Respondents deny that permitting punitive damages in arbitration deprives petitioners of their due process rights and assert that the Supreme Court authorities relied on by petitioners are inapplicable here. Finally, respondents contend that, by consenting to arbitrate, petitioners waived their due process rights and that, in any event, judicial review of arbitration awards satisfies the requirements of due process.
While this proceeding was pending before me, the United States Supreme Court decided Mastrobuono v Shearson Lehman Hutton (514 US —, 115 S Ct 1212 [1995]).[2] The issue in Mastrobuono was whether a New York choice of law provision in a standard-form contract barred the arbitral award of punitive damages. The Supreme Court found that it did not and thus reversed the judgment of the Court of Appeals for the *43 Seventh Circuit[3] which vacated the arbitrator’s punitive damage award.
DISCUSSION
As a preliminary matter, the arbitrability of punitive damages claims is a threshold question to be determined by the courts. (AT&T Technologies v Communications Workers, 475 US 643 [1986] [holding that the question of arbitrability is for judicial determination].) This is so even if, in determining this issue, the court must also decide what law applies. Moreover, as petitioners point out, the issue is ripe even though no award has been made since awaiting an arbitrator’s award will not affect the court’s ability to assess the legal issues presented. (Duke Power Co. v Carolina Envtl. Study Group, 438 US 59, 82 [1978].) Indeed, respondents cite no authority where a court has deferred decision on an application challenging an arbitrator’s authority to award punitive damages until after arbitration is completed.
"[T]he longstanding rule in this State is that '[a]n arbitrator has no power to award punitive damages, even if agreed upon by the parties’ ’’ (Matter of Dreyfus Serv. Corp. [Kent], supra, at 446, citing Garrity v Lyle Stuart, Inc. supra, at 356). In Garrity, the Court of Appeals wrote: ’’Punitive damages is a sanction reserved to the State, a public policy of such magnitude as to call for judicial intrusion to prevent its contravention. Since enforcement of an award of punitive damages as a purely private remedy would violate strong public policy, an arbitrator’s award which imposes punitive damages should be vacated.” (Supra, at 356.)
In view of Garrity (supra), an arbitration held in New York must be subject to the State’s prohibition on punitive damages. The FAA, which permits punitive damages to be awarded in arbitration where the parties’ agreement so provides, is not controlling here, because such an agreement ’’remain[s] subject in New York to the overriding public policy against an award of punitive damages by an arbitrator.” (Matter of Dreyfus Serv. Corp. [Kent], supra, at 447.)
Moreover, Mastrohuono (supra) does not require a contrary result. The decision in Mastrohuono was based on the Supreme Court’s interpretation of the parties’ arbitration agreement. The Court wrote that "the case before us comes down to what the contract has to say about the arbitrability of petitioners’ claim for punitive damages.” (514 US, at —, 115 S Ct, at 1216.) *44 In contrast, the case before me obviously does not involve the interpretation of the parties’ contract since there is none.[4]
Underlying the holding in Mastrobuono (supra) was the Court’s concern that the noncommercial customers of brokerage firms, like the Mastrobuonos, would not know that they were waiving their right to punitive damages when they signed a standard-form contract with a New York choice of law clause. Thus the Court wrote: "As a practical matter, it seems unlikely that petitioners were actually aware of New York’s bifurcated approach to punitive damages, or that they had any idea that by signing a standard-form agreement to arbitrate disputes they might be giving up an important substantive right. In the face of such doubt, we are unwilling to impute this intent to petitioners.” (Supra, at —, at 1219.)
In contrast, the respondents here, who were represented by counsel, elected to arbitrate their dispute with petitioners before the AAA under the AMEX rules which provide that such an arbitration must be held in New York City. Respondents cannot be surprised, then, that they are not entitled to punitive damages in arbitration as they chose to arbitrate in a State whose public policy prohibits their award. Indeed, if respondents convinced a New York arbitrator to award punitive damages and sought to confirm such an award in a New York court, it almost certainly would be vacated under the authority of Garrity (supra).'
Because the court finds that the arbitral award of punitive damages is barred under New York law, it does not reach petitioners’ constitutional argument which, in. any event, loses much of its persuasiveness after Mastrobuono (supra).
Accordingly, the petition is granted, and respondents’ claims for punitive damages are stayed permanently.

. The FAA applies here since the dispute involves securities purchased in interstate commerce. (Singer v Jefferies & Co., 78 NY2d 76, 81 [1991].)

. On April 3, 1995, counsel for both sides appeared before me to argue Mastrobuono’s relevance to this case.

. See, Mastrohuono v Shearson Lehman Hutton, 20 F3d 713 (7th Cir 1994).

. Even if the instant case involved a standard-form contract with the identical New York choice of law clause, this court would not be bound to interpret it in the same way as the United States Supreme Court did in Mastrobuono, since the interpretation of contracts is a matter of State law. (See, Mastrobuono v Shearson Lehman Hutton, supra, at —, n 4, at 1217, n 4.)