OPINION OF THE COURT
Herman Cahn, J.
Petitioners move to stay arbitration pursuant to CPLR 7503.
Respondent Pesce filed an amended statement of claim with the National Association of Securities Dealers, Inc. (NASD) on March 15, 1995, alleging six causes of action. Briefly stated, respondent claims that he placed $62,000 in an account with petitioner Prudential Securities, Inc. (Prudential) through petitioner William Prokos (Prokos), an employee of Prudential.
Pesce met Prokos when they were students at New York University. Respondent alleges that he instructed Prokos to invest the money in high quality blue chip stocks to be held long term. Pesce also alleges that the account was nondiscretionary and that he advised Prokos and Prudential of his permanent address in Italy where he had returned to complete compulsory military service and graduate studies.
*701 Respondent contends that he received few account statements from Prudential when he returned to Italy after graduation, because the statements were improperly addressed. Respondent repeatedly asked Prokos to correct the address on his account statements. Respondent also claims that he complained of unauthorized trades in the account. In or about June 1990, respondent telephoned Prokos to direct withdrawal of funds from the account, and was told the account had "taken a bath”. Respondent alleges that Prudential and Prokos churned his account by trading in low priced highly speculative securities and put and call options generating excessive commissions.
The client agreement signed by Pesce provides in relevant part: "The undersigned agrees, and by carrying an account for the undersigned you agree, all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof shall be determined by arbitration. This contract shall be governed by the laws of the State of New York.”
Respondent’s first cause of action in the amended statement of claim alleges violation of section 10 (b) of the Securities Exchange Act of 1934 (15 USC § 78j [b]) and rule 10b-5 (17 CFR 240.10b-5). The second cause of action alleges violations of section 12 (2) of the Securities Exchange Act (15 USC §771 [2]). The third cause of action alleges common-law fraud. The fourth cause of action alleges breach of fiduciary duty. The fifth cause of action alleges breach of contract and the sixth cause of action seeks punitive damages. The statement of claim is dated December 29, 1994.
Prudential admits that Prokos handled respondent’s account and that the account suffered large losses. However, petitioners maintain that the respondent listed "trading” as his objective on his account agreement and that he signed an option agreement listing "hedging” and "speculation” as his objectives. He also listed his liquid net worth as $1.5 million. Petitioners claim that respondent was aware of the speculative nature of the account and repeatedly acknowledged the steady losses. Petitioners argue that respondent’s claims are time barred or fail to state a claim and therefore are not arbitrable.
The Court of Appeals has recently held that the issue of the Statute of Limitations is for the court and not the arbitrators to determine, even in an action governed by the Federal Arbitration Act (FAA). (Matter of Smith Barney, Harris Up-ham & Co. v Luckie, 85 NY2d 193, 206; see also, Matter of *702 Kohn Pederson Fox Assocs., 189 AD2d 557.) To the extent that the Supreme Court’s recent decision in Mastrobuono v Shear-son Lehman Hutton (514 US —, 115 S Ct 1212 [1995]) casts a shadow over the Court of Appeals decision in Luckie (Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7501:ll [1996 Pocket Part, at 44]) it is distinguishable from this action. First, Mastrobuono involved punitive damages and not the Statute of Limitations (see, infra). Second, the Appellate Division, First Department, has recently held that the Mastrobuono decision did not disturb the legal underpinnings of Luckie because it did not concern substantive arbitrability. (Merrill Lynch, Pierce, Fenner & Smith v Ohnuma, 218 AD2d 572.) The court notes, however, that the Court of Appeals in Luckie (85 NY2d, at 202) relied in part upon the Seventh Circuit’s underlying decision in Mastrobuono v Shear-son Lehman Hutton (20 F3d 713) which was reversed by the Supreme Court.
The Supreme Court has held that actions alleging violations of the Securities Exchange Act of 1934 including those under section 10 (b) are barred one year from the date of discovery of the given violation, but that such time cannot exceed three years from the purchase of the securities, regardless of whether there has been a concealment of fraud or whether it might otherwise be actionable as common-law fraud. (Lampf Pleva, Lipkind, Prupis & Petigrow v Gibertson, 501 US 350, 362-363.) The respondent’s first cause of action is, therefore, time barred as the securities were purchased in 1989 and respondent was aware of the losses as early as June 1990. Respondent’s claim that the violations continued until the filing of the arbitration claim are conclusory and unsubstantiated.
Petitioners argue that this court should stay arbitration of respondent’s second and fifth causes of action on the ground that they fail to state a cause of action. A stay of arbitration will only be granted when (1) it is shown that there is no valid arbitration agreement; (2) it has not been complied with; (3) the proceeding is barred by the Statute of Limitations; or (4) it is against public policy to arbitrate the issue. (CPLR 7503 [a]; Avon Prods, v Solow, 150 AD2d 236.) The courts have enunciated a strong public policy of encouraging, by judicial noninterference, an unfettered, voluntary arbitration system. (Matter of Weinrott, 32 NY2d 190; Matter of Wertlieb [Greystone Partnerships Group], 165 AD2d 644.) CPLR 7501 expressly provides that "the court shall not consider whether the claim *703 * * * is tenable or otherwise pass upon the merits of the dispute.” Accordingly, whether the second and fifth causes of action state valid claims is for the arbitrators to decide.
CPLR 213 (8) provides that a cause of action for fraud must be commenced within six years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it. As respondent alleges to have discovered the fraud in June of 1990, when he learned that his account had "taken a bath” and commenced his claim within six years it is not time barred.
CPLR 214 (4) provides that breach of fiduciary claims must be commenced within three years (Loengard v Santa Fe Indus., 573 F Supp 1355). Even if the court were to apply the two-year discovery exception embodied in CPLR 203 (g), respondent’s claim for breach of fiduciary duty is time barred. Respondent was aware in June 1990 that his account had "taken a bath”.
The sixth cause of action seeks punitive damages. The Court of Appeals has held that arbitration of a claim for punitive damages is violative of New York’s public policy. (Garrity v Lyle Stuart, Inc., 40 NY2d 354; see also, Matter of Dreyfus Serv. Corp. v Kent, 183 AD2d 446.) Ordinarily, if the parties’ arbitration agreement contains a choice of law clause providing that the law of a particular State will govern their arbitration, the parties’ choice will be given effect if to do so will not conflict with the FA A. (Volt Information Sciences v Leland Stanford Jr. Univ., 489 US 468 [1989]; Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith, 85 NY2d 173.) However, the Supreme Court has recently held that an arbitration proceeding governed by the Federal Arbitration Act, such as this one, preempts the Garrity rule, even when there is a New York choice of law clause in the arbitration agreement. (Mastrobuono v Shearson Lehman Hutton, 514 US —, 115 S Ct 1212 [1995], supra.)
The court finds petitioner’s attempt to factually distinguish this action from Mastrobuono (supra) unavailing. Mastrobuono involved Illinois based investors and this action involves an Italy based investor; neither action involved a resident of New York, at the time the alleged violations and fraud occurred. More importantly, the Mastrobuono decision was not factually based but relied upon interpretation of the arbitration and choice of law clauses in the action which are virtually identical to the clauses herein. This court is bound to apply Mastrobuono and the issue of punitive damages is left to the arbitra *704 tors to decide. (But cf., Dean Witter Reynolds v Trimble, 166 Misc 2d 40.)
The court finds that respondent’s argument that petitioners have waived their rights to seek a stay of arbitration is without merit. Where the petition to stay arbitration is based on the ground that the dispute is not subject to arbitration, mere delay does not constitute waiver. (Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264; Alex Colman Inc. v Silver-man Prods. & Textiles, 212 AD2d 452.)
Accordingly, the motion to stay arbitration is granted only as to the first and fourth causes of action and otherwise denied.