■ In the Matter of COUNTY OF SUFFOLK, Respondent, v FACULTY ASSOCIATION OF SUFFOLK COUNTY COMMUNITY COLLEGE, Appellant. [668 NYS2d 98] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the appeal is from an order of the Supreme Court, Suffolk County (Werner, J.), dated November 26, 1996, which granted the petition and vacated the arbitration award.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the arbitration award is reinstated.

The absence of an agreement to arbitrate is not a basis upon which a party who participated in the arbitration may seek to have the resulting award vacated (*see, Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583; *Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377; *Matter of Commerce & Indus. Ins. Co. v Nester*, 227 AD2d 556, *affd* 90 NY2d 255). The Supreme Court therefore erred in vacating the award on the ground that there was no agreement to arbitrate the grievance in question (*see, Matter of Crum & Forster Commercial Ins. v Yakar*, 208 AD2d 833; *Matter of State of New York [State Univ.] [Civil Serv. Empls. Assn. (Carlin)]*, 148 AD2d 790).

The County of Suffolk's claim that the arbitration award is violative of public policy was not raised in its motion to vacate the award and is not properly before this Court (*see, Matter of Professional Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 373). Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.