■ In the Matter of LEONARD COOPER, Respondent-Appellant, v. NORMAN S. ABRAMS et al., Appellants-Respondents. THOMAS J. McELLIGOTT, Intervenor-Respondent-Appellant.— In a proceeding to stay arbitration, (1) respondents Abrams and Herman appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, entered January 25, 1972, as granted a stay as to items described in the third decretal paragraph and (2) petitioner and an intervenor cross-appeal, as limited by their briefs, from so much of the order as directed that arbitration may proceed as to items described in the second decretal paragraph. Order modified, on the law, by striking therefrom the third decretal paragraph and adding thereto a provision that all disputes regarding the apportionment of fees between the parties to the arbitration agreement are to proceed to arbitration. As so modified, order affirmed insofar as appealed from, with one bill of $10 costs and disbursements to appellants Abrams and Herman against petitioner and the intervenor jointly. The partnership agreement of petitioner and respondents Abrams and Herman contains a provision requiring arbitration of " Any dispute arising hereunder ". Under such a broad provision, arbitration may be had as to all issues arising under the contract (*Matter of Exercycle Corp.* [Maratta], 9 N Y 2d 329; *Matter of Terminal Auxiliar Maritima, S. A.* [*Winkler Credit Corp.*], 6 N Y 2d 294, 298). In our opinion, all the disputes existing between the parties to the agreement relative to the apportionment of legal fees may be deemed to have arisen under the agreement and should therefore proceed to arbitration. Questions as to whether the evaluation and apportionment provisions of the agreement were intended to apply to cases where the original partnership was " of counsel " and whether the circumstances of petitioner's departure constituted a dissolution or the withdrawal of a partner under the provisions of the agreement are questions of construction for the arbitrators (*Matter of Exercycle* [*Maratta*], *supra*, p. 336). While the arbitration award will not bind strangers
replaced by concerned supporters, creative solutions, and the funds to carry them out."

to the agreement, such as clients, forwarding attorneys, substituted attorneys and succeeding attorneys acting as "of counsel", or preclude judicial determination with respect to the rights of such individuals, that circumstance does not prevent adjudication by arbitration of the rights and obligations of the parties to the agreement as to each other. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.