■ ROBERT GABOR et al., Appellants, v MICHAEL SPICYN et al., Respondents. — Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered June 22, 1983, which, *inter alia,* granted defendants' application to compel arbitration and to stay all proceedings in connection with plaintiffs' action at law, is unanimously reversed, on the law, and defendants' application is denied, with costs. ¶ On July 3, 1980, plaintiffs and defendants entered into a partnership for the purpose of buying, selling, operating, improving and renovating certain real property located in Manhattan. Sometime in March, 1982, as a result of a disagreement, plaintiffs and defendants terminated their partnership. Thereafter, plaintiffs demanded from defendants an accounting, as well as an opportunity to examine the partnership books and records. Defendants rejected those requests. Despite the fact that the partnership agreement included a provision that stated that all disputes between members of the partnership are to be settled by arbitration, plaintiffs in August, 1982 commenced an action against defendants for an accounting, a liquidation of partnership assets, an injunction, a declaratory judgment, and a money judgment. Without referring to the arbitration clause, mentioned *supra,* or demanding same, the defendants served and filed an answer that contained nothing more than a general denial. After issue was joined, plaintiffs moved to compel defendants to submit to an examination before trial. For several months plaintiffs and defendants engaged in motion practice over this discovery issue. Ultimately, defendants' disregard of a court-ordered examination before trial, resulted in the plaintiff's attorney seeking, pursuant to CPLR 3126, an order, *inter alia,* striking defendants' answer and prohibiting defendants from offering any evidence or opposing the claims of plaintiffs. In response to this motion, defendants, approximately eight months after plaintiffs commenced their action, for the first time, interjected arbitration into this

controversy. Defendants moved to stay plaintiffs' action and all proceedings therein, until arbitration has been completed. Special Term granted this application. ¶ Our review of this record leads us to the conclusion that Special Term erred. We find that defendants have actively participated in this litigation. As we wrote in *Gross v Tagger* (46 AD2d 876), "[s]uch manifestation of [defendants'] acceptance of a judicial forum to dispose of [the] claim on the merits, coupled with [defendants'] unreasonable delay [approximately eight months] in serving a proper demand, constitutes a waiver of the right to now seek arbitration * * * (*DeSapio* v. *Kohlmeyer,* 35 N Y 2d 402; *Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15; Eager, Arbitration Contract and Proceedings, § 51, subd. 2.)" (Material in brackets added.) We reiterate that "[t]he courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration" (*De Sapio v Kohlmeyer, supra,* at p 406). ¶ Accordingly, the defendants' application should be denied. Concur — Sandler, J. P., Sullivan, Ross, Milonas and Kassal, JJ.