■ JILL LEBENSFELD et al., Respondents, v ESTHER BASHKIN et al., Appellants.—In an action for specific performance of a contract for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Collins, J.), entered April 6, 1987, which, after a nonjury trial, awarded the plaintiffs specific performance and dismissed the defendants' counterclaims.

Ordered that the judgment is affirmed, with costs.

We agree with the trial court's finding that there are no valid defenses preventing specific performance of the contract. The defendants' preanswer cross motion seeking, *inter alia,* an order declaring the contract null and void and requesting attorneys' fees, without raising an objection to personal jurisdiction, effectively waived any jurisdictional defense *(cf., Gager v White,* 53 NY2d 475, 488, *cert denied sub nom. Guertin Co. v Cachat,* 454 US 1086; *Flaks, Zaslow & Co. v Bank Computer Network Corp.,* 66 AD2d 363, 366-367, *appeal dismissed* 47 NY2d 951). Moreover, the plaintiff Steven Lebensfeld, while not a signatory to the contract, could seek specific perfor-

mance of the agreement as a third-party beneficiary since the contract was intended for the mutual benefit of himself and his wife, the plaintiff Jill Lebensfeld *(see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 43-45; *cf., Zelazny v Pilgrim Funding Corp.,* 41 Misc 2d 176, 183-184).

Finally, we reject the defendants' contention that the trial court was required to *sua sponte* disqualify trial counsel on the ground that he was a necessary witness *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437). Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.