■ In the Matter of ROBERT CRAWFORD, Respondent, v MYRON FELDMAN et al., Appellants. [604 NYS2d 585] —In a proceeding pursuant to CPLR article 75 to compel arbitration of a claim for damages for breach of an employment contract, the appeal is from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered September 16, 1987, which granted the petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

On February 26, 1986, Myron Feldman, on behalf of Poughkeepsie Dyeing & Finishing Co., Inc., entered into an agreement with Wallace Forman and Arthur Forman to finance the purchase of Westmont Industries, Inc. (hereinafter Westmont). Part of the agreement was comprised of an unsigned memorandum which outlined the terms of employment of Robert Crawford and John Russo at Westmont. The memorandum also contained a clause requiring all disputes to be settled by arbitration. On March 7, 1986, Wallace Forman sent Feldman a letter modifying some of the terms of the employment agreement, but reiterating the arbitration provision. Feldman signed this letter to signify his approval. On January 7, 1987, Feldman terminated Crawford's employment. On or about March 2, 1987, Crawford served upon Feldman a notice of intention to arbitrate, and 16 days later Feldman's counsel served upon Crawford's counsel a document entitled "Objection to Notice of Intention to Arbitrate". On April 1, 1987, Crawford served upon Feldman a notice of petition to compel arbitration pursuant to CPLR 7503 (a). The Supreme Court granted the petition, finding that Feldman's failure to timely move to stay arbitration precluded him from challenging the arbitrability of the dispute. We affirm.

CPLR 7503 (c) requires that an application to stay arbitration must be made within 20 days after the service of the demand for arbitration, and service must be in the same manner as a summons or by registered or certified mail. This limitation is strictly enforced *(see, Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock,* 183 AD2d 831; *Matter of Allcity Ins. Co. [Vitucci],* 151 AD2d 430, *affd* 74 NY2d 879). However, if a motion to stay arbitration is based on the contention that the parties never agreed to arbitrate, it may nevertheless be entertained, even if it is brought after the 20-day period has expired *(see, Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264, 267).

Feldman contends that he and Crawford never agreed to arbitrate.

CPLR 7501 provides that "A written agreement to submit any controversy * * * to arbitration is enforceable". However, there is no requirement that the written agreement to arbitrate be signed, as long as there is other proof that the parties actually agreed to arbitrate *(see, Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291). There is no question that Feldman consented to have all disputes settled by arbitration, since he signed the letter dated March 7, 1986. In addition, Crawford, as a third-party beneficiary of the agreement, could seek specific performance of the arbitration clause *(see, Lebensfeld v Bashkin,* 144 AD2d 542). Thus, the Supreme Court properly granted the petition to compel arbitration. Rosenblatt, J. P., Lawrence, Miller and Pizzuto, JJ., concur.