■ ANTHONY RIVERA, Appellant, v FRANCISCA F. SALES, Respondent. [618 NYS2d 34] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court,

Rockland County (Bergerman, J.), dated March 16, 1993, which, *inter alia*, upon confirming the arbitrator's award, denied the plaintiff's request for costs and pre-arbitration disbursements.

Ordered that the order is affirmed insofar as appealed from, with costs.

This is an appeal to review the denial of costs and disbursements incurred as the result of the commencement of an action in the Supreme Court. Thereafter, both parties agreed to submit the matter to arbitration. The plaintiff received an arbitrator's award in the amount of $20,000 "in full settlement of all claims submitted to this arbitration". After the award was rendered, the plaintiff demanded reimbursement for his pre-arbitration out-of-pocket expenses. The defendant tendered a check in full payment of the arbitrator's award; however, the defendant refused to reimburse the plaintiff for his costs and disbursements.

Contrary to the plaintiff's contentions, the mere submission of a matter to arbitration results in a discontinuance of the action. The rationale for this rule is that the parties have, in effect, selected another tribunal to settle the controversy. Accordingly, it would not be equitable, where there has been an arbitration proceeding which has extinguished the underlying action, to award costs and disbursements incident to that underlying action *(see, McNulty v Solley,* 95 NY 242; *Frey & Horgan Corp. v Mitsui & Co.,* 27 NYS2d 555), or to permit recovery of post-award interest and disbursements incurred after an amount has been tendered to fully satisfy the award *(see, Feldman v Brodsky,* 12 AD2d 347, *affd* 11 NY2d 692).

Moreover, absent an agreement to the contrary, any award of fees and expenses is incident to, and implied from, the authority of an arbitrator to determine the matters in controversy. Costs and disbursements to the prevailing party, other than those assessed by the arbitrator, should not be awarded when there has been a submission to arbitration and the award has been confirmed *(see, Bernstein v Perlmutter,* 37 NYS2d 95). Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.