■ Elizabeth Giahn, Respondent, v Ishak Giahn, Appellant. [736 NYS2d 394] —In a matrimonial action in which the parties were divorced by judgment dated May 29, 1992, the defendant appeals (1) from an order of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated April 4, 2000, which, inter alia, determined that the parties' agreement dated August 27, 1992, was void as the product of coercion, (2), as limited by his brief, from so much of an order of the same court, dated November 6, 2000, as, upon granting his motion for leave to renew and/or reargue, adhered to the original determination, and (3), as limited by his brief, from so much of an order of the same court, dated April 19, 2001, as, upon granting those branches of his motion which were for leave to renew and/or reargue and to vacate the order dated April 4, 2000, denied that branch of his motion which was to remit the matter for arbitration before a Beth Din.

Ordered that the appeal from the order dated April 4, 2000, is dismissed, without costs or disbursements, as that order was vacated by the order dated April 19, 2001; and it is further,

Ordered that the appeal from the order dated November 6, 2000, is dismissed, without costs or disbursements, as that order was superseded by the order dated April 19, 2001, made upon reargument and/or renewal; and it is further,

Ordered that the order dated April 19, 2001, is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the defendant's motion which is to remit the matter for arbitration before a Beth Din is granted, and the matter is remitted to arbitration before a Beth Din.

"[W]here parties enter into an agreement and, in one of its provisions, promise that any dispute arising out of or in connection with it shall be settled by arbitration, any controversy which arises between them and is within the compass of the

provision must go to arbitration" (*Matter of Exercycle Corp. [Maratta]*, 9 NY2d 329, 334; *see, Mendelsohn v A & D Catering Corp.*, 100 AD2d 209, 213). The use of the phrase "any dispute arising out of this agreement" is a broad provision which compels submission of all issues arising under the agreement to arbitration (*Matter of Exercycle Corp. [Maratta]*, *supra*, at 334; *Matter of Allied Van Lines [Hollander Express & Van Co.]*, 29 NY2d 35; *Matter of Cooper v Abrams*, 40 AD2d 866, *affd* 32 NY2d 865). Here, the plaintiff alleges, and the defendant concedes, that the defendant failed to fulfill his contractual obligations by failing to make the installment payments as required by the parties' agreement. Nonfulfillment of a contractual obligation is a "dispute" within the meaning of the agreement, and the matter must be remitted to arbitration before a Beth Din in accordance with the parties' agreement (*see, Matter of Cassone*, 63 NY2d 756, 758-759; *Matter of Macy & Co. [National Sleep Prods.]*, 39 NY2d 268, 271). Santucci, J.P., Smith, Crane and Cozier, JJ., concur.