■ MINDI YEGER, Respondent, v DAVID YEGER, Appellant. [799 NYS2d 916]—

In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated March 10, 2005, as granted the plaintiff wife's motion for certain pendente lite relief and denied that branch of his cross motion which was to direct the parties to proceed to arbitration before a Beth Din rabbinical arbitration panel.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and that branch of the cross motion which was to direct the parties to proceed to

arbitration before a Beth Din rabbinical arbitration panel is granted.

The plaintiff wife and the defendant husband agreed to arbitrate "all disputes between" them before a Beth Din rabbinical arbitration panel, including, inter alia, issues of "child support, distribution of assets, debt responsibility, and alimony." Thus, the Supreme Court improvidently granted the wife's motion for various pendente relief in this matrimonial action. Rather, the court should have granted that branch of the cross motion which was to direct the parties to proceed to arbitration before a Beth Din (*see Giahn v Giahn*, 290 AD2d 483 [2002]). The parties' intent was that arbitration was to proceed before a Beth Din rabbinical arbitration panel comprised of one arbitrator selected by the wife, one selected by the husband, and a third selected by the parties' arbitrators. Thus, to the extent that vacancies exist on the panel, they should be filled accordingly. H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.