■ NELLIE FRIEDEN, Respondent, v DAVID FRIEDEN, Appellant. [802 NYS2d 727]—

In a matrimonial action in which the parties were divorced by judgment dated September 13, 2001, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated March 9, 2004, as denied that branch of his motion which was to compel arbitration of his claim for a downward modification of his child support obligation.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

The plaintiff, Nellie Frieden, sought a divorce from the defendant, David Frieden, with whom she had one child. They entered into a settlement agreement which, inter alia, required disputes over child support to be subject to arbitration. After the defendant lost his job, he requested a reduction of child support payments, but the parties could not reach an agreement. The defendant requested arbitration pursuant to the agreement, but the plaintiff refused to arbitrate the dispute. Thus, the defendant moved before the Supreme Court to compel arbitration. The Supreme Court determined, inter alia, that child support matters were beyond the reach of arbitration. We disagree.

Child support issues may be subject to arbitration (*see Schneider v Schneider*, 17 NY2d 123, 128 [1966]; *Sheets v Sheets*, 22 AD2d 176, 178 [1964]). Contrary to the plaintiff's contention, arbitration of child support issues does not violate the objectives of the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]) (hereinafter the CSSA), because an arbitration award is subject to vacatur if it fails to comply with the CSSA and is not in the best interest of the child (*see Hirsch v Hirsch*, 37 NY2d 312, 315-316 [1975]; *Hirsch v Hirsch*, 4 AD3d 451, 452-453 [2004]; *Gottesman v Gottesman*, 290 AD2d 201, 202 [2002]; *Hampton v Hampton*, 261 AD2d 362, 363 [1999]). Accordingly, the defendant's motion to compel arbitration should have been granted.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., Crane, Ritter and Lifson, JJ., concur.