HELENE FRIEDMAN, Respondent, v STEVEN FRIEDMAN, Appellant. [824 NYS2d 357]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of Supreme Court, Queens County (Strauss, J.), dated November 22, 2005, which, in effect, denied those branches of his cross motion which were pursuant to CPLR 7503 (a) to compel arbitration of the financial issues relating to this action before Beth Din of America and to dismiss all of the causes of action relating to financial disputes between the parties.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was to compel arbitration pertaining to all prospective financial issues and substituting therefor a provision granting that

branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

By order dated December 9, 2002, the Supreme Court granted pendente lite relief including, inter alia, an award of child support to the plaintiff. Subsequently, the parties executed an agreement to arbitrate (hereinafter the agreement) all disputes relating to the dissolution of their marriage before a rabbinical court, Beth Din of America. Although the agreement was executed in counterparts—by the defendant in May 2004 and by the plaintiff in June 2005—its terms clearly and unequivocally call for arbitration of all issues, notwithstanding the deletion of one phrase in the copy of the agreement executed by the plaintiff which required express court approval in order for the Beth Din to rule on custody and visitation issues.

When an agreement to arbitrate precedes any judicial intervention, compliance with that agreement should be compelled (*see Yeger v Yeger*, 21 AD3d 549 [2005]). Even the level of child support may be prospectively determined by an arbitration subject to vacatur on public policy grounds if it violates the Child Support Standards Act (*see Frieden v Frieden*, 22 AD3d 634 [2005]).

The Supreme Court properly denied that branch of the cross motion which was to dismiss all of the causes of action relating to financial disputes between the parties. The pendente lite order, the effect of which the defendant appeared determined to avoid, was rendered prior to his execution of the agreement, and long after his execution of the agreement, he actively sought court relief pertaining to the pendente lite order. In this context, dismissal of those causes of action or, as the defendant also requests, treatment of the agreement as a discontinuance of the action (*see Rivera v Sales*, 208 AD2d 514 [1994]) would lead to an inequitable result, particularly as to child support arrears accruing pursuant to the pendente lite order.

Moreover, the husband is estopped by his affirmative participation in this litigation following execution of the agreement from seeking reconsideration of the prior pendente lite order at this juncture predicated merely on the existence of the agreement (*see Salisbury v Salisbury*, 83 AD2d 990 [1981]; *cf. Gabor v Spicyn*, 99 AD2d 1000 [1984]). In view of the context of its execution, the agreement was intended by the parties to apply to all unresolved prospective financial issues. Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.