■ Yitzchok Wieder, Respondent, v Baila Jite Wieder, Appellant. [963 NYS2d 372]—

In a matrimonial action in which the parties were divorced by judgment dated January 24, 2011, the defendant appeals from an order of the Supreme Court, Orange County (Onofry, J.),

dated September 14, 2011, which granted the plaintiff's motion, in effect, to compel arbitration before a rabbinical court and to stay all proceedings in the instant action and in a related action entitled *Wieder v Wieder*, pending in the Supreme Court, Orange County, under index No. 2579/11, while the arbitration is pending, and denied her cross motion to stay arbitration.

Ordered that the order is affirmed, with costs.

The parties' stipulation of settlement dated January 11, 2011, which was incorporated but not merged into their judgment of divorce dated January 24, 2011, provided that all disputes related to matters addressed in the stipulation would be subject to arbitration before a rabbinical court. Accordingly, the Supreme Court properly granted the plaintiff's motion, inter alia, in effect, to compel arbitration before a rabbinical court of the financial disputes between the parties and properly denied the defendant's cross motion to stay arbitration (*see Friedman v Friedman*, 34 AD3d 418, 419 [2006]; *Yeger v Yeger*, 21 AD3d 549, 550 [2005]). All financial issues, including the amount of child support, may be determined by an arbitration subject to vacatur on public policy grounds such as failure to comply with the Child Support Standards Act and not being in the best interests of the parties' children (*see Berg v Berg*, 85 AD3d 952, 953 [2011]; *Frieden v Frieden*, 22 AD3d 634, 635 [2005]; *Matter of Hirsch v Hirsch*, 4 AD3d 451, 452-453 [2004]). Moreover, the arbitration is not barred on public policy grounds as the issues of custody and visitation were not raised (*cf. Schechter v Schechter*, 63 AD3d 817, 819 [2009]; *Glauber v Glauber*, 192 AD2d 94, 98 [1993]; *see generally Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 284 [2000]; *Matter of Poughkeepsie Chevrolet, Inc. v Jeff Weaver's 96 Hour Super Sale, Inc.*, 8 AD3d 575 [2004]). Contrary to the defendant's contention, the determination as to whether the stipulation of settlement is unconscionable as a whole is for the arbitrator or arbitrators to decide (*see Tsadilas v Providian Natl. Bank*, 13 AD3d 190 [2004]).

The parties' remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Chambers, Roman and Cohen, JJ., concur.