Matter of Silberman v Farkas (2020 NY Slip Op 00598)





Matter of Silberman v Farkas


2020 NY Slip Op 00598


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-03104
 (Index No. 500695/16)

[*1]In the Matter of Chaim Silberman, respondent,
v
Moshe Shmuel Farkas, etc., et al., appellants.


Tenenbaum Berger & Shivers LLP, Brooklyn, NY (Michael Cohen of counsel), for appellants.
Neiman & Mairanz P.C., New York, NY (Marvin Neiman and Theodore T. Mairanz of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to compel arbitration and to appoint Beth Din of America as the arbitrator of the parties' dispute, the appeal is from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated November 1, 2016. The order, in effect, granted the petition to the extent of compelling the parties to arbitrate their dispute before the American Arbitration Association, and, in effect, denied the appellants' motion to dismiss the petition or, in the alternative, to appoint a Beth Din of their choosing as the arbitrator.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof appointing the American Arbitration Association as the arbitrator of the parties' dispute; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The parties are business partners in two companies known as Mehadrin Dairy and J & J Dairy, which are distributors of kosher foods and dairy products. Pursuant to the parties' partnership agreement, which was written in Hebrew, but translated to English, the parties agreed to arbitrate any disputes arising between them "before a Rabbinical Court within the Jewish community." The partnership agreement does not designate a particular rabbinical court and is silent as to the method of choosing a rabbinical court to resolve any disputes that might arise between the parties. The parties later became embroiled in a dispute related to the employment of the petitioner's son by the subject businesses.
In July 2015, the Beth Din (Rabbinical Court) of Kollel Bais Talmud L'Horuah served the appellants with notice, which was translated from Hebrew to English, that the tribunal was enjoining the appellants from taking any action with respect to the employment of the petitioner's son and notifying them of the petitioner's intention to "arbitrate this matter . . . before this Rabbinical Court, or before a Rabbinical Court acceptable to both parties, or in the ZBLA format at any time." The appellants did not respond to that notice or to a subsequent letter dated September 2, 2015, sent by the petitioner's attorney to the appellants. Thereafter, in response to a second letter sent by the petitioner's attorney to the appellants, one of the appellants, Moshe Samuel Farkas, sent a letter dated [*2]November 2, 2015, stating that the petitioner "should send a Hazmuneh from an acceptable Bes Din."
The petitioner subsequently commenced this proceeding pursuant to CPLR 7503(a) and 7504, inter alia, to compel arbitration of the parties' dispute and to appoint Beth Din of America as the arbitrator. The appellants moved, among other things, pursuant to CPLR 404 and 3211(a) to dismiss the petition, arguing, inter alia, that they were never served with a hazmana or summons from a rabbinical court and, thus, never refused to arbitrate the dispute. They further argued that Beth Din of America, which is located in Manhattan, should not be appointed as the arbitrator since it "is not knowledgeable of the customs, practices and mores of the local Hasidic community" in Brooklyn. The appellants contended that they have historically arbitrated disputes in one of three rabbinical courts located in Brooklyn and sought, in the alternative, to have the Supreme Court appoint one of those rabbinical courts, Hisachdus Harabonim, as the arbitrator to resolve the parties' dispute. In opposition to the appellants' motion and in further support of the petition, the petitioner asserted, among other things, that the three rabbinical courts identified by the appellants as suitable arbitrators were not acceptable. By order dated November 1, 2016, the Supreme Court, in effect, granted the petition to the extent of compelling the parties to arbitrate their dispute before the American Arbitration Association, and, in effect, denied the appellants' motion.
"Arbitration is a matter of contract grounded in agreement of the parties'" (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1141, quoting County of Sullivan v Edward L. Nezelek, Inc., 42 NY2d 123, 128). "A court's fundamental objective in interpreting a contract is to determine the parties' intent from the language employed and to fulfill their reasonable expectations" (Landmark Ventures, Inc. v H5 Tech., Inc., 152 AD3d 657, 658; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162). An unambiguous agreement "must be enforced according to the plain meaning of its terms" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645; see Peres v Peres, 104 AD3d 828, 828).
As a threshold matter, we reject the appellants' contention that this proceeding is premature under CPLR 7503(a). The partnership agreement governing the parties' relationship expressly and unequivocally requires them to arbitrate their disputes before a rabbinical court, and contains no conditions precedent that must be met before the parties can be compelled to arbitrate (see Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 7-8; Vuksanaj v Quality Bldg. Serv. Corp., 2014 NY Slip Op 32175[U], *2 [Sup Ct, NY County]). Further, the appellants were served with notice of the petitioner's intent to arbitrate the parties' dispute before a rabbinical court, and did not suggest a rabbinical court of their choosing until after the petitioner commenced the instant proceeding (see generally Matter of Blamowski [Munson Transp.], 91 NY2d 190, 195; Matter of Crawford v Feldman, 199 AD2d 265, 265-266). Accordingly, we agree with the Supreme Court's determination denying the appellants' motion to dismiss the petition.
Nevertheless, although a court, "on application of a party, shall appoint an arbitrator," where, as here, "the arbitration agreement does not provide for a method of appointment of an arbitrator" (CPLR 7504; see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 93), the Supreme Court improvidently exercised its discretion in appointing the American Arbitration Association as the arbitrator of the parties' dispute. The parties' intent, as expressly set forth in the partnership agreement, was to submit any disputes that may arise between them to arbitration before a Rabbinical Court in the Jewish community (see generally Yeger v Yeger, 21 AD3d 549, 550). Accordingly, the matter is remitted to the Supreme Court, Kings County, to appoint a rabbinical court as the arbitrator of the parties' dispute if the parties cannot agree to the selection of an arbitrator within 30 days of the date of this decision and order (see e.g. Matter of Basil Castrovinci Assoc., Inc. v District 65 Pension Plan, 16 AD3d 493).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court