*266 OPINION OF THE COURT
Gabrielli, J.
The question presented on this appeal is whether a motion to stay arbitration may ever properly be entertained outside the 20-day period specified in CPLR 7503 (subd [c]). We hold today that such a motion may be entertained when, as here, its basis is that the parties never agreed to arbitrate, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with.
Claimants were injured in an automobile accident involving an uninsured motor vehicle. They recovered the maximum benefits allowable under the uninsured motorist indorsement contained in their primary automobile liability insurance policy. Claimants then sought to recover their excess damages under a “Commercial Umbrella Liability Policy” issued by respondent. This policy provides coverage to Daniel Matarasso (one of the claimants) and A. Matarasso & Co., Inc., for general liability, automobile liability and employer liability over and above the limits of similar coverage contained in several underlying policies issued by other insurers. One such underlying policy is the automobile liability policy under which claimants had already recovered uninsured motorist benefits.
A demand for arbitration was served upon the respondent insurer on August 21, 1980, asserting a claim for uninsured motorist damages under the umbrella policy. Approximately two months later, respondent moved to stay arbitration on the ground that it was not a party to any agreement providing uninsured motorist protection or requiring arbitration of such claims. Claimants asserted, in opposition to the motion, the bar of CPLR 7503 (subd [c]), contending that respondent’s failure to move for a stay of arbitration within the 20-day period set forth in the statute precluded the granting of a stay.
Special Term granted respondent’s motion to stay arbitration. The Appellate Division unanimously affirmed (82 AD2d 861). We granted claimants’ application for leave to appeal to this court, and we now affirm.
*267 CPLR 7503 (subd [c]) provides that a party upon whom a proper notice of intention to arbitrate has been served must apply to stay arbitration within 20 days of service of the notice. If a party fails to make a timely application, “he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with”. It is undisputed that, in the present case, respondent was served with a proper notice of intention to arbitrate, but failed to move to stay arbitration until approximately 60 days had passed. Claimants argue that the failure to make the motion within the statutory 20-day period absolutely bars respondent from obtaining a stay. We disagree and hold that where the application for a stay is made on the ground that no agreement to arbitrate exists, it may be entertained notwithstanding the fact that the stay was sought after the 20-day period had elapsed.
Generally, where the parties have entered into an agreement to arbitrate their disputes, and the party desiring arbitration has served a proper notice of intention to arbitrate, the party seeking to avoid arbitration on the ground that the agreement is invalid or has not been complied with, must, under the statute’s clear language, seek a stay of arbitration within 20 days of service. The courts have no discretion to extend this time period to permit consideration of an untimely application (Aetna Life & Cas. Co. v Stekardis, 34 NY2d 182). However, this rule barring judicial intrusion into the arbitral process operates only when an agreement to arbitrate exists. Support for this view can be found in the wording of the statute itself. CPLR 7503 (subd [c]) speaks in terms of “parties” (e.g., “A party may serve upon another party” [emphasis supplied]), the natural connotation being that the statute is directed toward parties to an agreement to arbitrate {Glasser v Price, 35 AD2d 98). Given the ease with which a broader class of persons could have been included within the statute’s ambit, we cannot impute to the Legislature an intent to bind persons to the arbitral process by their mere inaction for 20 days where no agreement to arbitrate has ever been made.*
*268 Thus, if there is no agreement to arbitrate between claimants and respondent, the motion to stay arbitration was properly granted. In this connection, we note that the umbrella policy itself contains no provision for arbitration of disputes. Further, the incorporation of the underlying automobile liablity policy did not extend to the provisions for uninsured motorist coverage (and arbitration of claims arising thereunder), as the umbrella policy covers only liability of the insureds for damages owing third parties.
Claimants argue, however, that the uninsured motorist indorsement is included in the policy by virtue of subdivision 2-a of section 167 of the Insurance Law. That statute applies to any automobile liability policy issued upon a motor vehicle principally garaged or used in this State, and requires the inclusion of uninsured motorist coverage in every such policy. The umbrella policy involved herein, however, is not an automobile liability policy; rather, it is an excess liability policy providing additional coverage for claims arising under three separate policies of varying types of insurance. Therefore, the mandatory uninsured motorist indorsement of section 167 has no application to this policy.
As claimants have failed to establish that any agreement to arbitrate has been entered into by themselves and respondent, the motion for a stay of arbitration was properly granted.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

 Our holding in Matter of Lane (Abel-Bey) (50 NY2d 864) is not to the contrary, inasmuch as there, an agreement to arbitrate did exist among the shareholders of a *268 corporation. In that situation, the question of whether the corporation was bound by its shareholders’ arbitration agreement, even though the corporation had not executed the agreement, could not properly be considered on an untimely motion to stay arbitration.