## (November 16, 1982)

■ In the Matter of the Arbitration between INITIAL TRENDS, INC., Appellant, and CAMPUS OUTFITTERS, INC., Respondent. — Order, Supreme Court, New York County (Fraiman, J.), entered on May 28, 1982, which denied petitioner-appellant's motion to stay arbitration and granted respondent's cross motion to compel arbitration is affirmed, with costs. These parties entered into four contracts of sale whereby petitioner, a New York textile converter, would sell certain fabric to respondent, a Connecticut manufacturer of children's school uniforms. These contracts were entered into between January, 1980 and April, 1981, and each contained a broad arbitration clause. By letter dated December 21, 1981, which was sent to petitioner by certified mail, respondent demanded arbitration of a controversy (defective goods) arising out of the April, 1981 contract. Thereafter, by letter dated January 11, 1982, respondent sought arbitration under the remaining three contracts. This latter demand, however, was not sent to petitioner as is required by CPLR 7503 (subd [c]), but rather to petitioner's attorney by certified mail. Special Term concluded that arbitration should proceed as to all four contracts. The dissent would limit arbitration to the last contract (April, 1981). However, a majority of this court is of the opinion that Special Term was correct in directing that arbitration proceed pursuant to all contracts. Although the demand was forwarded to a nonparty, this defect does not render the demand null and void, as urged by the Presiding Justice. This irregularity merely serves to toll the time limit within which petitioner may move to stay this proceeding. (*Matter of Board of Educ. v Palmyra-Macedon Faculty Assn.*, 78 AD2d 765, mot for lv to app den 53 NY2d 603.) In *Palmyra* (p 766), the court noted "[s]ince it is undisputed that respondent had actual notice of the demand and an opportunity to judicially review whether arbitration was an appropriate remedy in this case, it can hardly claim the notice was void." On the facts now before us, it cannot be argued that petitioner did not receive notice that arbitration was demanded since petitioner timely asserted his statutory right to stay arbitration pursuant to CPLR 7503 (subd [c]). Petitioner received the protection guaranteed by statute and fully participated in subsequent proceedings. Concur — Ross, Markewich, Bloom and Asch, JJ.

Murphy, P. J., dissents in part in a memorandum as follows: I agree that arbitration should be compelled with regard to the letter dated December 21, 1981, which covered the last contract. However, arbitration should have been stayed with regard to the first three contracts covered by the letter dated January 11, 1982. The parties do not dispute the fact that the contracts evidence a transaction involving interstate commerce and are thus governed by the Federal Arbitration Act ([FAA] US Code, tit 9, § 1 *et seq.*). The State courts are thus required to enforce Federal substantive law (*Matter of Rederi* [*Dow Chem. Co.*], 25 NY2d 576, 579). The FAA overrides inconsistent provisions of the arbitration acts of the States (*supra*, at p 583). The FAA does not have any provisions governing the manner in which a demand for arbitration should be served. In the absence of any such provision, CPLR 7503 (subd [c])

must govern. That statute requires one party to serve the other party with the demand for arbitration (cf. *Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 267). Since Campus served the demand upon the attorney for Initial Trends, Inc., rather than upon Initial Trends itself, the demand is null and void. Hence, we lack jurisdiction over the dispute. Therefore, Initial's petition should be granted only to the extent of staying arbitration with regard to the first three contracts.