■ JOHN W. COWPER COMPANY, INCORPORATED, et al., Respondents, v CLINTSTONE PROPERTIES, INC., et al., Appellants. (And Two Related Proceedings.)—Order and judgment modified, on the law, to grant appellants' motion to dismiss petitions and to delete the provision ordering arbitration to be governed by the rules of law as interpreted and set forth by the court, and, as modified, affirmed, with costs to appellants. All concur. Pine, J., not participating. Memorandum: Special Term erred in denying the motion of respondents Clintstone Properties, Inc. (Clintstone) and Chase Lincoln Bank, N. A., formerly known as Lincoln First Bank, N. A. (Lincoln) to dismiss the petitions of the John W. Cowper Co. (Cowper) and John Graham & Co. (Graham) to stay arbitration pending between the parties. Although Special Term correctly denied Cowper and Graham's petitions to stay arbitration it erred in ordering that arbitration is to be governed by certain "rules of law" as interpreted and set forth by the court.

Clintstone, a wholly owned subsidiary of Lincoln, contracted with Cowper as general contractor and Graham as architect to construct the Lincoln First Tower in Rochester, New York. Each contract contained a "broad-form" arbitration clause requiring that "[a]ll claims, disputes and other matters in question arising out of, or relating to, this [contract] or the breach thereof shall be decided by arbitration." Many problems developed, including leaking of water through the exterior walls of the Tower and a defective marble facade system, requiring extensive repairs.

Clintstone served a demand for arbitration on Cowper and Graham in May 1978. Arbitration of the claims was underway and the parties were engaged in an extensive voluntary discovery proceeding. In June 1985, Cowper and Graham brought petitions seeking a stay of arbitration. The gravamen of their claim is that Lincoln is the true party in interest in the arbitration, their contract was with Clintstone, and any attempt by Clintstone to assign its rights to Lincoln was invalid and without force and effect. Clintstone moved to dismiss the petitions on the grounds, inter alia, that the petitions were not timely and that the issues presented by the petitions were for resolution by the arbitrator, not by the court.

We hold that the court lacked jurisdiction to entertain the petitions because they were not timely. A party must move to stay arbitration within 20 days after service of the demand for arbitration (CPLR 7503 [c]). "That 20-day period has been held to be a statute of limitations, causing a complete forfeiture of the right to question arbitrability even if missed by only a day * * * As a statute of limitations, and one of the shortest on record to boot, the 20-day period cannot be extended by the courts under CPLR 2004 * * * even for good cause shown" (Siegel, NY Prac § 593, at 848 [1979]; *see also, Matter of Spychalski [Continental Ins. Cos.],* 58 AD2d 193, 195, *affd* 45 NY2d 847). These petitions, brought some seven years after the demand to arbitrate was served, are time barred and should have been dismissed.

Nor do we agree with Special Term's conclusion that *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264), which it held to be "directly on point and controlling", applies in the instant situation. In *Matarasso,* claimants served a demand to arbitrate on their insurance carrier, although the contract contained no provision for arbitration. The carrier moved to stay arbitration outside the 20-day limit. The Court of Appeals granted the stay of arbitration, holding that the court may entertain an application for a stay brought after the 20-day period had elapsed where the stay is sought on the ground that no agreement to arbitrate exists. In the case at bar, Cowper and Graham cannot claim that no arbitration agreement exists between them and Clintstone. Rather, they are asking the court to interpret the legal effect that various subsequent transactions between the parties have on the validity of that arbitration agreement. This claim does not fall within the limited exception carved out in *Matarasso* and, therefore, the petitions are barred (CPLR 7503 [c]; *cf. Matter of State Farm Mut. Auto. Ins. Co. [Richards],* 99 AD2d 785).

Even if we accept Cowper and Graham's argument, accepted by Special Term, that the assignment agreement executed in December 1983 by Clintstone and Lincoln was the equivalent of a "second" demand for arbitration, we still conclude that the court lacked jurisdiction to entertain the petitions. The record fully supports the conclusion that attorneys for Cowper and Graham had copies of this agreement at an EBT held in September 1984, and yet these petitions were not brought until June 1985. This period of time is too long to countenance, and the court should never have entertained these petitions.

Moreover, even if we were to reach the merits, we would

hold that the court exceeded its authority by setting down rules of law to be followed in the arbitration proceeding. Special Term should not have interpreted the various sale and lease documents executed subsequent to the contracts which provide for arbitration, because it is well settled that "[o]nce the parties to a broad arbitration clause have made a valid choice of forum * * * all questions with respect to the validity and effect of subsequent documents purporting to work a modification or termination of the substantive provisions of their original agreement are to be resolved by the arbitrator" *(Matter of Schlaifer v Sedlow,* 51 NY2d 181, 185; *see also, Matter of Cassone,* 63 NY2d 756, 759; *Matter of Lipman [Haeuser Shellac Co.],* 289 NY 76, 80). The interpretation of the subsequent sale and lease documents in this case is for the arbitrator. Special Term erroneously applied substantive contract law to define Clintstone's claim and limit its damages. Any question concerning Clintstone's right to damages goes directly to the merits of Clintstone's broad contract claim and the extent of damages recoverable under that claim. The court may not "consider whether ·the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501; *see also, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307; *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 8; *Matter of Prinze [Jonas],* 38 NY2d 570, 574; *Bellevue S. Assoc. v Heckler Elec. Co.,* 95 AD2d 721, *affd* 62 NY2d 873). (Appeal from order and judgment of Supreme Court, Monroe County, Siracuse, J. —dismiss petition.) Present—Dillon, P. J., Callahan, Doerr, Pine and Balio, JJ.