◼ BIDERMANN INDUSTRIES LICENSING, INC., et al., Respondents, v AVMAR N. V. et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Kristin Booth Glen, J.), entered April 10, 1989, which, *inter alia,* granted a stay of an arbitration proceeding commenced by respondents as to Bidermann Industries U.S.A., Inc., unanimously affirmed, with costs.

The Supreme Court, New York County, properly stayed the arbitration as to Bidermann Industries U.S.A., Inc. since Bidermann Industries U.S.A., Inc. never agreed to arbitrate any disputes with respondents with regard to the contracts in question. *(Matter of Waldron [Goddess],* 61 NY2d 181.) Moreover, as found by Trial Term, there was no factual showing whatsoever that Bidermann Industries U.S.A., Inc. is the alter

ego of Bidermann Industries Licensing, Inc. It is also noted that the application for a stay of arbitration was timely; the 20-day time limitation of CPLR 7503 does not apply to Bidermann Industries U.S.A., Inc., as it was not a party to the agreements in issue *(see, Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264).

We have considered respondents' other contentions and find that they are without merit. Concur—Murphy, P. J., Milonas, Ellerin and Rubin, JJ.