■ ALLSTATE INDEMNITY COMPANY, Appellant, v JACQUELINE FERNANDEZ et al., Respondents. [732 NYS2d 564] —Order, Supreme Court, New York County (Herman Cahn, J.), entered July 27, 2000, which denied the petition brought pursuant to CPLR article 75 of Allstate Indemnity Company to permanently

stay arbitration of an uninsured motorist claim, dismissed the petition and denied respondents' request for sanctions, unanimously affirmed, without costs.

The insurer's petition to permanently stay arbitration, brought 11 months after receipt of respondents' arbitration demand, was untimely pursuant to the 20-day time limit set forth in CPLR 7503 (c). The insurer's claim that the policy was canceled two weeks prior to the accident for nonpayment of premiums "relates to whether certain conditions of the contract have been complied with and not whether the parties have agreed to arbitrate" (*Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084) and, as such, is outside the scope of the exception to CPLR 7503 (c)'s 20-day limitation period articulated in *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264, 267; *Matter of Steck, supra*).

The denial of sanctions against petitioner's attorneys constituted a proper exercise of discretion (*see, Arnav Indus. v Brown, Raysman, Millstein, Felder & Steiner*, 281 AD2d 192). Concur—Williams, J. P., Andrias, Wallach, Lerner and Saxe, JJ.