■ STATE FARM INSURANCE COMPANIES, Respondent, v JOSEPH J. DESARBO, JR., Appellant. [859 NYS2d 312]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered June 8, 2007 in Saratoga County, which granted plaintiff's motion for summary judgment.

The underlying facts in this dispute about underinsurance coverage are set forth in our earlier decision where we reversed a stay of arbitration that had been granted to plaintiff upon the ground that plaintiff's application for the stay had been untimely (*Matter of State Farm Ins. Cos. [DeSarbo]*, 36 AD3d

1193 [2007]). While that appeal was pending, plaintiff commenced this declaratory judgment action contending that coverage was vitiated by defendant failing to cooperate and providing false information to plaintiff. Shortly after plaintiff moved for summary judgment in the declaratory judgment action, our decision reversing the granting of a stay was handed down. Supreme Court, noting that our decision did not address the issues raised in plaintiff's motion for summary judgment in the declaratory judgment action, granted plaintiff's motion. Defendant appeals.

Under CPLR article 75, "a court may involve itself in the arbitration process within the first 20 days . . . or following the conclusion of the arbitration proceeding," but "[t]here exists no authority for a court to become involved . . . between these periods" (*Matter of Nationwide Mut. Ins. Co. [Miller]*, 95 AD2d 961, 961 [1983]; *see Matter of Allstate Ins. Co. v Olsen*, 222 AD2d 579, 580 [1995]). "[W]here the parties have entered into an agreement to arbitrate their disputes, and the party desiring arbitration has served a proper notice of intention to arbitrate, the party seeking to avoid arbitration on the ground that the agreement is invalid or has not been complied with, must, under the statute's clear language, seek a stay of arbitration within 20 days of service" (*Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 267 [1982]). While a limited exception to the 20-day time frame applies when a party asserts there never was an agreement to arbitrate (*see id.*), challenges regarding, among other things, the scope of an agreement or compliance with the terms of an agreement are precluded if asserted outside the 20-day period (*see Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]; *Matter of Colonial Coop. Ins. Co. [Muehlbauer]*, 46 AD3d 1012, 1013 [2007]; *Allstate Indem. Co. v Fernandez*, 288 AD2d 42, 43 [2001]).

Here, a valid agreement to arbitrate underinsurance claims exists under the policy. The issue of defendant's compliance with terms of that agreement had to be raised by seeking a stay within 20 days of service of the intent to arbitrate. We have previously held that plaintiff failed to properly seek a stay within 20 days. Plaintiff cannot now circumvent the arbitration requirements by asserting in a declaratory judgment action an issue it failed to assert in a timely fashion when faced with a demand for arbitration.

Peters, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.