[893 NE2d 807, 863 NYS2d 391]

In the Matter of FIVECO, INC., Doing Business as MER's, INC., Appellant, v BRUCE HABER, Respondent.

Argued June 5, 2008; decided July 1, 2008

**POINTS OF COUNSEL**

*Michael T. Lamberti,* Woodbury, for appellant. I. The affirmation of respondent's attorney who had no personal knowledge of the facts constituted a nullity. (*Woodson v Mendon Leasing Corp.,* 100 NY2d 62; *Roche v Hearst Corp.,* 72 AD2d 245; *Beltre v Babu,* 32 AD3d 722; *Taebong Choi v JKS Dry Cleaning Equip. Corp.,* 15 AD3d 566; *Harlock v Scott Kay, Inc.,* 14 AD3d 343; *God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP,* 6 NY3d 371; *Matter of Waldron [Goddess],* 61 NY2d 181; *Matter of Crawford v Feldman,* 199 AD2d 265; *American States Ins. Co. v Sorrell,* 258 AD2d 782; *Matter of Charles S. Fields, Inc. v American Hydrotherm Corp.,* 5 AD2d 647.) II. Arbitration was properly stayed even though petitioner's application for a stay was filed more than 20 days after service of respondent's demand for arbitration. (*Matter of Steck [State Farm Ins. Co.],* 89 NY2d 1082; *Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264; *Matter of American Centennial Ins. Co. v Williams,* 233 AD2d 320; *Matter of Crawford v Feldman,* 199 AD2d 265; *Matter of Primex Intl. Corp. v Wal-Mart Stores,* 89 NY2d 594; *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1; *Matter of O'Donnell v Arrow Elecs.,* 294 AD2d 581.) III. The nisi prius court properly stayed arbitration based upon the absence of an agreement to arbitrate. (*Matter of Waldron [Goddess],* 61 NY2d 181; *George v LeBeau,* 455 F3d 92; *Schenkers Intl. Forwarders v Meyer,* 164 AD2d 541; *Rockwood Automatic Mach., Inc. v Lear Corp.,* 13 Misc 3d 1219[A], 2006 NY Slip Op 51914[U]; *Matter of Jennings [St. Elizabeth Hosp.],* 54 AD2d 607; *New York Times Co. v New York Typographical Union No. 6,* 43 AD2d 231; *M. K. & O. Tr. Lines, Inc. v Division No. 892, Amalgamated Assn. of St., Elec. Ry. & Motor Coach Empls. of Am.,* 319 F2d 488; *Proctor & Gamble Ind. Union of Port Ivory, N.Y. v Proctor & Gamble Mfg. Co.,* 312 F2d 181, 374 US 830.) IV. This Court has the requisite jurisdiction to reverse the decision and order of the Appellate Division. (*Matter of Miller,* 257 NY 349; *Sciolina v Erie Preserving Co.,* 151 NY 50; *Glenn v Hoteltron Sys.,* 74 NY2d 386; *Keane v Keane,* 8 NY3d 115; *Patron v Patron,* 40 NY2d 582; *Andon v 302-304 Mott St. Assoc.,* 94 NY2d 740; *Grunfeld v Grunfeld,* 94 NY2d 696; *Woodson v Mendon Leasing Corp.,* 100 NY2d 62; *Slate v Schiavone Constr. Co.,* 4 NY3d 816.)

*Blatt & Koppelman, P.C.,* New City (*Itamar J. Yeger* and *Ron-*

*ald S. Koppelman* of counsel), for respondent. I. The Second Department properly ruled that the broad arbitration clauses mean that all matters between the parties were subject to arbitration, including whether the contracts were extended by virtue of respondent's $1,000 payment to petitioner during the contracts' initial term. (*Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358; *Gold Mills v Pleasure Sports,* 85 AD2d 527; *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.,* 37 NY2d 91; *Matter of Black & Pola [Manes Org.],* 72 AD2d 514, 50 NY2d 821; *Matter of Schlaifer v Sedlow,* 51 NY2d 181; *Inryco, Inc. v Parsons & Whittemore Contrs. Corp.,* 55 NY2d 666; *Matter of Cassone,* 63 NY2d 756; *Matter of Primex Intl. Corp. v Wal-Mart Stores,* 89 NY2d 594; *Brown v V&R Adv.,* 112 AD2d 856, 67 NY2d 772.) II. Because the Second Department properly determined that the agreement controlled, it did not need to inquire into the dispute regarding the payment admittedly made from respondent to petitioner. (*Woodson v Mendon Leasing Corp.,* 100 NY2d 62; *Roche v Hearst Corp.,* 72 AD2d 245; *Beltre v Babu,* 32 AD3d 722; *Taebong Choi v JKS Dry Cleaning Equip. Corp.,* 15 AD3d 566; *Harlock v Scott Kay, Inc.,* 14 AD3d 343; *Cazer Homes v Relyea,* 169 AD2d 862; *Sutton v Lavezzo,* 160 AD2d 292; *Incorporated Vil. of Hempstead v Jablonsky,* 283 AD2d 553; *Figueroa v Luna,* 281 AD2d 204; *Matter of Silverman [Benmor Coats],* 61 NY2d 299.)

### OPINION OF THE COURT

PIGOTT, J.

This appeal requires us to determine whether an untimely petition to permanently stay arbitration brought by petitioner Fiveco, Inc. falls under the exception to the statutory limitation period articulated in *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264 [1982]). We hold that it does not; thus, the petition is time-barred and the parties' dispute must be submitted to arbitration.

In November 1997, respondent Bruce Haber entered into two virtually identical installation and security agreements with Fiveco's predecessor-in-interest. The agreements covered coin-operated music and video game machines to be installed and maintained by Haber in Mer's Pub, a bar located in Farmingdale, New York. The term of each agreement was seven years, beginning on November 21, 1997 and ending on November 21, 2004. Pursuant to the contracts, the term would "be deemed extended automatically for an additional period of five (5) years" if Haber made a "payment, loan or advance" to the bar owner.

The parties also agreed to arbitrate "[a]ny controversy, dispute or claim arising out of, or relating to [the agreements] . . . or the execution, validity or breach thereof."

Fiveco purchased Mer's Pub in June 2001 and assumed the existing agreements. In April 2002, Haber issued Fiveco a $1,000 check, which he described as a "bonus." In November 2004, Fiveco demanded that Haber remove the machines from the bar, stating that the agreements had expired. Haber complied and removed the machines. Approximately eight months later, Haber served Fiveco with a demand for arbitration, alleging that the April 2002 payment of $1,000 extended the agreements for an additional five years, and that Fiveco breached the contracts by prematurely demanding removal of the machines.

More than three months later, Fiveco commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration. Fiveco alleged that the contracts expired on November 21, 2004, and no contract extension was effectuated. In support of the petition, Fiveco submitted an affidavit from its president, who averred that the parties never intended the $1,000 payment to extend the term of the agreements, but rather, that the check represented compensation made in lieu of Haber installing an updated jukebox, which Fiveco had requested. Further, the affidavit alleged that, between December 2003 and November 2004, Haber made numerous offers to renew the agreements, all of which Fiveco declined. In response, Haber argued that the petition was time-barred under CPLR 7503 (c), since pursuant to that statute, any proceeding to stay arbitration must be commenced within 20 days of the arbitration demand. Haber further argued that, as required by the contracts' arbitration clause, the issue of whether the $1,000 payment extended the agreements was a question for the arbitrator.

Supreme Court granted the petition to stay arbitration, concluding that Fiveco clearly established that the $1,000 payment did not constitute a loan, payment or advance within the meaning of the contracts, and thus, the agreements expired on November 21, 2004. The Appellate Division modified to the extent of denying the petition, holding that the proceeding was time-barred pursuant to CPLR 7503 (c). The court further concluded that the exception articulated by this Court in *Matarasso* (56 NY2d at 266), which allows a court to consider an untimely petition to stay arbitration where "the parties never agreed to arbitrate," did not apply because both Fiveco and

Haber were parties to a contract containing an agreement to arbitrate (42 AD3d 454, 455 [2d Dept 2007]). We granted Fiveco leave to appeal and now affirm.

Fiveco primarily argues that, despite its untimely petition under CPLR 7503 (c), arbitration should nevertheless be stayed pursuant to the *Matarasso* exception because it demonstrated that the contracts containing the agreement to arbitrate expired. We disagree.

This Court's "long-standing rule" is that "an arbitration clause in a written agreement is enforceable . . . when it is evident that the parties intended to be bound by the contract" (*God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 373 [2006]). Indeed, it is well settled that "[a] party to an agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' 'clear, explicit and unequivocal' agreement to arbitrate" (*id.* at 374, quoting *Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]).

Generally, "whether there is a clear, unequivocal and extant agreement to arbitrate the claims[ ] is for the court and not the arbitrator to determine" (*Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 598 [1997]). Pursuant to CPLR 7503 (c), however, a party served with a proper demand for arbitration must apply to stay arbitration within 20 days after service of the demand or it will "be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time."

In *Matarasso* (56 NY2d 264 [1982]), we articulated an exception to the statutory rule prohibiting courts from considering untimely objections to arbitration. There, we held that an untimely application may be entertained where "its basis is that the parties *never agreed to arbitrate*, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with" (*id.* at 266 [emphasis added]). In situations where the parties never agreed to arbitrate, it was clear that the Legislature, in enacting CPLR 7503 (c), did not intend "to bind persons to the arbitral process by their mere inaction for 20 days where no agreement to arbitrate has ever been made" (*id.* at 267).

Here, Fiveco commenced this proceeding to permanently stay arbitration well beyond CPLR 7503 (c)'s 20-day time period to

object to arbitration. As such, the petition is time-barred unless the basis for Fiveco's objection falls within the *Matarasso* exception. Because the contracts at issue in this case contain an arbitration provision, it cannot be said that "the parties never agreed to arbitrate" or that "no agreement to arbitrate has ever been made" (*Matter of Matarasso*, 56 NY2d at 266, 267). Indeed, Fiveco does not assert that the parties never entered into an arbitration agreement; rather, it simply attacks the present viability of the contracts containing the agreement to arbitrate. Thus, the *Matarasso* exception is inapplicable under the circumstances of this case (*see Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed, with costs.