# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**790**

**CA 15-02099**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN ALLSTATE
INSURANCE COMPANY, PETITIONER-RESPONDENT,

AND                                    MEMORANDUM AND ORDER

MICHAEL J. CAPPADONIA, RESPONDENT-APPELLANT.

---

FINKELSTEIN & PARTNERS, LLP, NEWBURGH (GEORGE A. KOHL, II, OF
COUNSEL), FOR RESPONDENT-APPELLANT.

LAW OFFICE OF JOHN TROP, DEWITT (BARNEY F. BILELLO OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered June 23, 2015. The order granted the petition to permanently stay arbitration.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: In this dispute over supplementary uninsured/underinsured motorist (SUM) coverage, respondent insured appeals from an order granting the petition of petitioner insurer to stay arbitration permanently pursuant to CPLR 7503 (c). We agree with respondent that Supreme Court erred in granting the petition. Respondent obtained an automobile liability insurance policy from petitioner for a pickup truck and two passenger vehicles. The policy provided SUM coverage to respondent, and also included an arbitration clause. While the policy was in effect, respondent sustained personal injuries when a motorcycle he was operating was struck by an allegedly underinsured vehicle. Although the motorcycle was not covered under the policy issued to him by petitioner, respondent made a claim with petitioner for SUM coverage. Petitioner disclaimed coverage on the ground that the motorcycle was not covered under the policy, prompting respondent to demand arbitration pursuant to CPLR 7503 (c). More than five months after respondent's demand, petitioner commenced this proceeding to stay arbitration, asserting, as it did in the disclaimer letter, that no SUM coverage existed in connection with the accident because the motorcycle on which petitioner was riding was not a covered vehicle under the policy. In opposition, respondent argued, inter alia, that the petition was untimely. The court granted the petition without explanation, and we now reverse.

We agree with respondent that the petition to stay arbitration is time-barred because it was not filed within 20 days of respondent's formal arbitration demand (*see* CPLR 7503 [c]; *Aetna Life & Cas. Co. v Stekardis*, 34 NY2d 182, 185-186; *John W. Cowper Co. v Clintstone Props.*, 120 AD2d 976, 977, *lv denied* 68 NY2d 610).  Although the 20-day time limit of CPLR 7503 (c) does not apply if the parties never had "any agreement to arbitrate" (*Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 268), the "*Matarasso* exception is inapplicable" because "the contract[] at issue in this case contain[s] an arbitration provision" (*Matter of Fiveco, Inc. v Haber*, 11 NY3d 140, 145, *rearg denied* 11 NY3d 801; *see Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084).  Indeed, so long as the subject insurance policy contains some type of arbitration agreement between the parties, as it does here, an untimely stay application which "conten[ds] that there is no coverage under [the] policy's [SUM] provisions . . . is outside the [*Matarasso*] exception" (*Matter of Nova Cas. Co. v Martin*, 57 AD3d 548, 549; *see Steck*, 89 NY2d at 1084; *Matter of State Farm Mut. Auto. Ins. Co. v Urban*, 78 AD3d 1064, 1065-1066; *State Farm Ins. Cos. v DeSarbo*, 52 AD3d 936, 937).  Because the petition was untimely, the court had no power to entertain it (*see Fiveco, Inc.*, 11 NY3d at 145; *Steck*, 89 NY2d at 1084; *Aetna Life & Cas. Co.*, 34 NY2d at 185-186).

In light of our determination, we need not address respondent's remaining contentions.

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court