Matter of Allstate Ins. Co. v Bizounouya (2021 NY Slip Op 03904)





Matter of Allstate Ins. Co. v Bizounouya


2021 NY Slip Op 03904


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, JJ. 


Index No. 22986/18E Appeal No. 14098N Case No. 2021-00171 

[*1]In the Matter of Allstate Insurance Company, Petitioner-Appellant,
v
Daourou Bizounouya, Respondent-Respondent.


Votto & Albee, PLLC, Staten Island (Christopher Albee of counsel), for appellant.
Daourou Bizounouya, respondent pro se.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered on or about August 25, 2020, which, to the extent appealed from as limited by the briefs, denied petitioner Allstate Insurance Company's petition to permanently stay arbitration of respondent Daourou Bizounouya's uninsured motorist benefits claim, unanimously reversed, on the law, without costs, and the petition granted.
Respondent, a pedestrian who was struck by a car, was not an insured within the meaning of the supplemental uninsured/underinsured motorist (SUM) endorsement of the subject insurance policy and is therefore not entitled to SUM coverage or to demand arbitration under the policy (see Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 267 [1982]). In any event, respondent received $250,000 from the tortfeasor, which is more than the SUM coverage, which carried limits of $25,000 per person and $50,000 per occurrence. Consequently, under paragraph 6 of the SUM endorsement, petitioner is entitled to an offset of the $250,000, which would preclude recovery under the policy. Thus, even assuming respondent had the right to demand arbitration, the arbitration would have been academic (see Matter of Unitrin Auto & Home Ins. Co. v Gelbstein, 109 AD3d 663, 664 [2d Dept 2013]). Accordingly, arbitration should be permanently stayed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021