Castro v Jem Leasing, LLC (2023 NY Slip Op 01255)

Castro v Jem Leasing, LLC

2023 NY Slip Op 01255

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Kapnick, J.P., Kern, Gesmer, Singh, JJ. 

Index No. 35205/20E Appeal No. 17518 Case No. 2022-02846 

[*1]Cinthia Castro, Plaintiff-Respondent,
v
Jem Leasing, LLC, et al., Defendants, Zwolf-NY, LLC, et al., Defendants-Appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellants.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered January 26, 2022, which granted plaintiff's motion to stay arbitration and denied the cross motion of defendants Zwolf-NY, LLC and UBER Technologies, Inc. (together, Uber) to stay litigation pending arbitration of the dispute, unanimously affirmed, without costs.
Although plaintiff moved to stay arbitration of her personal injury claim more than 20 days after Uber served notice of its intent to arbitrate (CPLR 7503[c]), her motion comes within the limited exception allowing an otherwise untimely motion to be considered when "its basis is that the parties never agreed to arbitrate, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with" (Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 266 [1982]).
As to the merits, Uber failed to sustain its burden of showing that the parties had an explicit and unequivocal agreement to arbitrate (see Louis F. Burke PC v Law Off. of Christopher J. Gray, P.C., 146 AD3d 452, 452 [1st Dept 2017]; Gerling Glob. Reins. Corp. v Home Ins. Co., 302 AD2d 118, 123 [1st Dept 2002], lv denied 99 NY2d 511 [2003]). Uber contends that plaintiff agreed to be bound by an arbitration agreement when she registered for the rider app in April 2015, and submitted evidence of the terms in effect at that time and at the time of the accident in 2018. However, Uber failed to establish that the Uber app constituted a valid clickwrap agreement putting plaintiff on inquiry notice of contract terms, including the arbitration agreement. Furthermore, Uber did not establish that plaintiff assented to any such agreement (see Meyer v Uber Tech., Inc., 868 F3d 66, 75, 79-80 [2d Cir 2017] [analyzing issue under California law and noting that California and New York law were substantially similar on the issue of whether parties have mutually assented to a contract term]; Wu v Uber Tech., Inc., — Misc 3d &mdash,2022 NY Slip Op 22388, *19, 21 [Sup Ct, Bronx County 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023