Matter of Klein (Human Care Servs. for Families & Children, Inc.)
2026 NY Slip Op 03717
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Arbitration between Yitchok Klein et al., Respondents, and Human Care Services for Families & Children, Inc., Appellant.

Decided and Entered:June 11, 2026
CV-25-0729
Calendar Date: April 29, 2026
Before: Clark, J.P., Aarons, Pritzker, Mackey And Corcoran, JJ.

Cullen and Dykman LLP, Albany (Christopher E. Buckey of counsel) and Koffsky Schwalb LLC, New York City (Efrem Schwalb of counsel), for appellant.
Appel Markowitz, LLP, Brooklyn (Israel T. Appel of counsel), for respondents.

[*1]
Mackey, J.
(1) Appeals (a) from an order of the Supreme Court (Stephan Schick, J.), entered January 8, 2025 in Sullivan County, which, among other things, partially granted petitioners' application pursuant to CPLR 7503 to compel arbitration between the parties, (b) from an order of said court, entered April 1, 2025 in Sullivan County, which denied respondent's motion to renew and, upon reargument, adhered to its prior decision, and (c) from an order of said court, entered May 22, 2025 in Sullivan County, which denied respondent's motion to, among other things, renew, and (2) motion to dismiss the appeals as moot.
Petitioners are unit owners and members of the board of managers of the Venetian Villas Condominiums (hereinafter the Venetian), a 113-unit residential condominium development in Sullivan County. The Venetian, respondent and two neighboring condominium developments are members of the Ralhal Homeowners Association, which serves to manage their shared resources. In 2016, the predecessors in interest to the properties now owned by the Venetian and respondent recorded with the county clerk a document entitled "Declaration of Covenants, Easements and Restrictions Affecting Ralhal Residential Development" (hereinafter the declaration), creating, by its own terms, "a covenant which runs with the land." The declaration provides for certain easements and rights-of-way between the respective properties, as well as apportioned expense ratios related to various shared utility facilities and access roadways. At issue here, the declaration's arbitration provision provides that disputes under the declaration "concerning [the parties'] use and enjoyment of their respective parcels . . . shall be submitted for resolution to Rabbi _______ of _______, New York."
Shortly after acquiring its property in April 2024, respondent began operating a summer camp on it for children with special needs. This led to disputes between the parties, with petitioners claiming that respondent's activities violated various terms of the declaration. Ultimately, petitioners served respondent a notice of intention to arbitrate and demand for arbitration regarding these disputes including, among other things, the misuse of easements and rights-of-way, pro rata maintenance costs and excessive noise (see CPLR 311 [a] [1]). The notice advised that the matter was to be "submitted for full and final binding arbitration in front of Rabbi Dani Rapp, Esq., of the Beth Din of America" (hereinafter the BDA) and that, pursuant to CPLR 7503 (c), respondent had 20 days to serve an application to stay such arbitration or it would be "precluded from objecting" to the validity of the declaration. Respondent did not seek to stay the arbitration within the 20-day period.
In August 2024, petitioners commenced this CPLR article 75 proceeding seeking to compel arbitration, as well as for a temporary restraining order and preliminary injunction enjoining respondent from violating the declaration and local noise [*2]ordinances, among other restrictions.FN1 Respondent opposed, arguing that the blanks in the declaration's arbitration clause rendered the provision unenforceable and, thus, that the 20-day period under CPLR 7503 (c) was inapplicable. Following oral argument and the parties' further submissions, respondent raised several defenses, including failure to join necessary parties. By order entered in January 2025, Supreme Court granted petitioners' application to, as is pertinent here, compel arbitration before "a panel of the [BDA] consisting of three rabbis, of which at least two should be attorneys." The court also granted that part of petitioners' motion seeking to enjoin respondent "from acting in contravention of the [d]eclaration . . . and from violating any [applicable] noise ordinances." Respondent subsequently twice moved to renew, challenging that part of Supreme Court's order compelling arbitration before the BDA, which motions the court denied by orders entered in April 2025 and May 2025, respectively. Respondent appeals from the January 2025, April 2025 and May 2025 orders.FN2 Petitioners in turn have moved to dismiss the appeals as moot.
At the outset, we reject petitioners' contentions that the appeals are not properly before us based upon the timing of respondent's application for a stay of arbitration from this Court. To be sure, "a party served with a proper demand for arbitration must apply to stay arbitration within 20 days after service of the demand or it will 'be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time' " (Matter of Fiveco, Inc. v Haber, 11 NY3d 140, 144 [2008], quoting CPLR 7503 [c]). However, a motion to stay arbitration may be entertained outside that 20-day period "where . . . its basis is that the parties never agreed to arbitrate, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with" (Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 266 [1982]; accord Matter of Fiveco, Inc. v Haber, 11 NY3d at 144). This is so because, in enacting CPLR 7503 (c), the Legislature "did not intend 'to bind persons to the arbitral process by their mere inaction for 20 days where no agreement to arbitrate has ever been made' " (Matter of Fiveco, Inc. v Haber, 11 NY3d at 144, quoting Matter of Matarasso [Continental Cas. Co.], 56 NY2d at 267).
Petitioners served their notice of intention to arbitrate and demand for arbitration on August 8, 2024 (see CPLR 311 [a] [1]), and respondent did not thereafter respond to the demand or move for a stay of arbitration within the prescribed 20-day period. Upon this basis, petitioners commenced the underlying CPLR article 75 proceeding to compel arbitration. Respondent opposed, arguing that the parties had not agreed to arbitrate and, thus, that the 20-day period to move [*3]for a stay of arbitration did not apply. Following Supreme Court's January 2025 order compelling arbitration, respondent timely filed a notice of appeal but did not move this Court for a stay of arbitration at that time. Instead, in June 2025, following additional motion practice before Supreme Court, respondent filed an order to show cause with this Court seeking to stay the order compelling arbitration, again arguing that no agreement to arbitrate existed between the parties (see 22 NYCRR 1245.7; see also Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C2211: 4A, 5). After this Court declined respondent's request for a stay, the parties proceeded to arbitration. As respondent asserts that no arbitration agreement exists between the parties, and as it filed and served its order to show cause seeking a stay of arbitration prior to engaging in same, respondent has not "waive[d] the right to a judicial determination of the arbitrability of the dispute" and the matter is properly before us (Matter of Jandrew [County of Cortland], 84 AD3d 1616, 1617 [3d Dept 2011]; see CPLR 7503 [b]; see also CPLR 2211; 22 NYCRR 1245.7; compare Matter of Giamo [Visscher], 94 AD3d 1395, 1397 [3d Dept 2012]).
We further reject respondent's contention that the proceeding must be dismissed for failure to join necessary parties — namely, the two other condominium developments that are signatories to the declaration (see CPLR 1003). Pursuant to CPLR 1001 (a), "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made [parties to the action]." In seeking dismissal upon this basis, respondent argued that, "[i]n order to arbitrate the parties' entitlement to sewer usage and expense allocation, all of the parties that are bound by and subject to the [d]eclaration must be named" inasmuch as the declaration's terms require the written consent of the parties thereto for expenses incurred for maintenance or repair of certain shared facilities. Petitioners' claims on such related issues, however, are vague and were not explored before Supreme Court. In this regard, the bulk of petitioners' claims concern alleged "noise pollution" and trespass onto the Venetian's property, whereas their claims related to the misuse of easements, access roadways, rights-of-way and utilities, unlawful construction, pro rata maintenance costs and the adjustment of fees are referenced generally, without specification. Accordingly, respondent "failed to show that the third part[ies] might be inequitably affected by a judgment on [petitioners'] claim[s] or that joinder is required to permit complete relief to be accorded" (Overocker v Madigan, 113 AD3d 924, 926 [3d Dept 2014]; see CPLR 1001 [a]; Cascade Bldrs. Corp. v Rugar, 154 AD3d 1152, 1156 [3d Dept 2017]; compare Buckley v MacDonald, 231 AD2d 599, 600 [2d Dept 1996]). Notably, it appears [*4]from the record that the other parties to the declaration had expressed their desire to not be involved in the instant dispute.
Turning to respondent's challenge to the merits of Supreme Court's order compelling arbitration, we disagree that the declaration's arbitration provision, as written, was not enforceable. Therein, the declaration provides that certain disputes between the parties "shall be submitted for resolution to Rabbi _______ of _______, New York (the 'Arbitrator')." Accordingly, contrary to respondent's contentions, because the declaration "contain[s] an arbitration provision, it cannot be said that the parties never agreed to arbitrate or that no agreement to arbitrate has ever been made" (Matter of Fiveco, Inc. v Haber, 11 NY3d at 145 [internal quotation marks and citation omitted]). Moreover, the provision's omission of a specific arbitrator or method for selecting an arbitrator is not fatal to its enforceability, as Supreme Court had the authority to appoint same under CPLR 7504 (see CPLR 7504; Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 93 [1991]). In this regard, and in addressing respondent's related challenge to the court's appointment of the BDA rather than a specific rabbi or a different rabbinic authority, CPLR 7504 provides that where "the arbitration agreement does not provide for a method of appointment of an arbitrator . . . the court, on application of a party, shall appoint an arbitrator." Despite respondent's objections and assertions as to the intent of the original signatories to the declaration, nothing in the language of the declaration indicates that the BDA was not an acceptable rabbinical court for purposes of the arbitration provision therein. Moreover, in appointing the BDA to arbitrate the instant dispute, the record reflects that the court considered the parties' respective arguments and religious concerns, as well as the positive reputation of the BDA in resolving similar matters. Under these circumstances, we discern no abuse of discretion in the court's appointment of the BDA as arbitrator (compare Matter of Silberman v Farkas, 179 AD3d 1075, 1077 [2d Dept 2020]; see also Matter of Basil Castrovinci Assoc., Inc. v District 65 Pension Plan, 16 AD3d 493, 494 [2d Dept 2005]).
Supreme Court did not abuse its discretion in denying respondent's second motion to renew. "A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). In support of its motion, respondent asserted that it had recently discovered evidence allegedly pertaining to the intent of the parties to the declaration, at the time of its execution, to designate an arbitrator based upon certain religious-based affiliations and Jewish law. In justification for failing to previously submit this information, [*5]respondent asserted that certain individuals involved in the execution of the declaration had been reluctant to become involved in the dispute. However, no explanation was provided as to why respondent could not have discovered and presented the allegedly new information earlier. In any event, the record reflects that respondent had already previously asserted its arguments that the parties were both Hasidic and had intended for any arbitration to be before certain rabbinic courts. Accordingly, and as we agree that respondent failed to provide a reasonable justification for its failure to present additional information on this issue at an earlier time, we discern no abuse of discretion in Supreme Court's denial of respondent's motion (see Holtz v Blackstone Bldrs. Holding Co., LLC, 235 AD3d 1207, 1209 [3d Dept 2025]; Wright v State of New York, 192 AD3d 1277, 1278-1279 [3d Dept 2021]).
As to Supreme Court's grant of petitioners' motion for a preliminary injunction, we reach a different conclusion. Pursuant to CPLR 7502 (c), a court "may entertain an application . . . for a preliminary injunction in connection with an arbitration . . . that is to be commenced . . . , but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief." "The party seeking the preliminary injunction must also demonstrate a probability of success on the merits, danger of irreparable injury in the absence of a preliminary injunction, and a balance of the equities in their favor" (Matter of Patrolmen's Benevolent Assn. of the City of New York, Inc. v City of New York, 119 AD3d 1, 3 [1st Dept 2014] [citations omitted], revd on other grounds 26 NY3d 1044, 1046 [2015]). In support of their motion, petitioners submitted the unsupported and conclusory attestations of their attorney that respondent was acting in violation of the declaration and applicable noise ordinances. Even assuming such was sufficient to establish a likelihood of success on the merits, petitioners failed to demonstrate a danger of irreparable injury such that a future arbitration award would be rendered ineffectual without provisional relief, nor did they address the balance of equities. As petitioners thus failed to establish their entitlement to injunctive relief, we conclude that the court abused its discretion in granting their motion for a preliminary injunction (see Uber Tech., Inc. v American Arbitration Assn., Inc., 204 AD3d 506, 508 [1st Dept 2022]; Matter of Patrolmen's Benevolent Assn. of the City of New York, Inc. v City of New York, 119 AD3d at 4; compare Kalyanaram v New York Inst. of Tech., 63 AD3d 435, 435 [1st Dept 2009]).
The parties' remaining contentions have either been rendered academic by our decision or, to the extent not expressly addressed herein, have been considered and found to be lacking in merit.
Clark, J.P., Aarons, Pritzker and Corcoran, JJ., concur.
ORDERED that the order entered January 8, 2025 [*6]is modified, on the law, without costs, by reversing so much thereof as granted petitioners' request for a preliminary injunction, and, as so modified, affirmed.
ORDERED that the orders entered April 1, 2025 and May 22, 2025 are affirmed, without costs.
ORDERED that petitioners' motion to dismiss the appeals is denied, without costs.

Footnotes

Footnote 1
Petitioners alleged that respondent's operations resulted in "relentless noise pollution," unlawfully encroached upon the Venetian's property to create access roads, and overburdened the sewer system. Upon this basis, pending a final determination on petitioners' application, Supreme Court issued a temporary restraining order prohibiting respondent from acting in violation of the terms of the declaration and applicable noise ordinances.

Footnote 2
Although respondent appealed from the April 1, 2025 order, it has abandoned its appeal therefrom by failing to raise any potential issues in its appellate brief (seeZwickel v Underhill Land LLC, 243 AD3d 973, 974 n 2 [3d Dept 2025]).